The People of the State of Illinois, Plaintiff-Appellee, v. Donald G. Grigsby, Defendant-Appellant.

Gen. No. 10,744.

Fourth District.

September 26, 1966.

Rehearing denied October 18, 1966.

John W. Curren and Thomas F. Londrigan, of Springfield, for appellant.

Raymond L. Terrell, State's Attorney of Sangamon County, of Springfield (Richard A. Hollis, of counsel), for appellee.

EBERSPACHER, J.

The sole question in this appeal is whether a sentence of not less than 5 nor more than 15 years in the penitentiary, following a plea of guilty to a charge of burglary with intent to commit a theft, is excessive.

The offense allegedly occurred in the early morning hours of January 28, 1965, in a building of Gainer Mills, a former employer of this 27-year-old defendant. He was arrested in the building after the clean-up man discovered the door forced open and phoned the police. He had in his possession a screwdriver, flashlight and pair of pliers; was not armed and no merchandise was taken. His car was found parked nearby.

Upon entering his plea he made application for probation. At the hearing on probation held on October 18, 1965, an employee of Gainer Mills, who had previously hired defendant, testified that the damage to the forced door was $117.62 and that it was his opinion that neither defendant nor his attorney should ask for probation. A police officer who had investigated the crime testified as to the details of the offense, that defendant had not been drinking, and made no recommendation concerning probation. A detective from the police department who had known defendant by sight for a "couple" of years recommended that defendant not be given probation. He was then asked for what reasons to which he replied that Defendant was involved in an investigation involving defendant's part in a holdup in Morgan County on August 11, 1965, whereupon defendant's attorney objected to evidence of anything after this occurrence because defendant had not been tried on such offense. The prosecutor urged that evidence of the August 11th occurrence was admissible to show defendant's activities since the arrest in the present case, and that the witness should have an opportunity to explain his recommendation. After the court twice stated that for such limited purpose the evi-

dence would be proper, defendant's attorney agreed to its use for that limited purpose. The witness then recited that defendant was found by a police officer lying in the trunk of a car driven by another man, and that in the trunk were two loaded pistols and a large sum of money. He also testified that on that night defendant had on his person a driver's license of a party of the same surname whom the witness understood might be a cousin and that it was reported to him that defendant had been using this driver's license while his own was either suspended or revoked. The witness appeared to have no personal knowledge of the occurrences about which he testified.

The prosecutor next called defendant's wife who testified that she had no recommendation to make regarding probation whereupon she was asked about being the victim of a beating by defendant on September 13, 1965, which resulted in her being hospitalized, that a few days later she returned to defendant who then threatened her life with a gun, and then cocked it and shot it out the window, and that she had previous to that occasion been hospitalized as a result of beatings by defendant, one of which was in December of 1964. Defendant's wife's mother testified that defendant had threatened both her and her daughter during telephone calls to her, that she had taken the wife of defendant into her home and to the hospital after various beatings, including the one on September 13, 1965, and that she did not recommend probation.

Defendant presented no evidence in support of his petition for probation and the cause was continued on the court's motion to November 3rd.

On October 28, 1965, while the defendant was in jail on other charges alleged to have occurred on the previous day, the prosecutor filed a motion to increase bail from $3,000 to $25,000, alleging therein that a report of the probation officer recommending that probation be denied

was on file, that defendant had been charged with the aggravated battery and attempted murder of two men in Springfield on the previous day, and that defendant had been indicted in Morgan County and was to have appeared for arraignment in Morgan County on the previous day. Defendant's attorney was advised of this motion by telephone by the prosecutor's office, and stated that he would appear if defendant requested him to appear. Defendant was brought before the court without his attorney, the bail was increased to $25,000, and defendant remanded to the custody of the sheriff. On the following day defendant's attorneys filed their motion to vacate the increase of the bail, pointing out that the statutory notice had not been given,[1] that the application for increase of bail had not been verified, that the application failed to state facts or circumstances which either constituted a breach or a threatened breach of the conditions of the bail bond previously furnished. On the same day defendant's attorneys filed a motion for a two-week continuance of the hearing on defendant's motion for probation wherein they stated that defendant was in custody, could not make bail and that preliminary matters on separate charges of different offenses, adversely affected

---

[1] Ch 38, § 110–6 Ill Rev Stats 1965, Reduction or Increase of Bail.

(a) Upon application by the State or the defendant the court before which the proceeding is pending may increase or reduce the amount of bail or may alter the conditions of bail bond.

(b) Reasonable notice of such application by the defendant shall be given to the State.

(c) Reasonable notice of such application by the State shall be given to the defendant, except as provided in subsection (d).

(d) Upon verified application by the State stating facts or circumstances constituting a breach or a threatened breach of any of the conditions of the bail bond the court may issue a warrant commanding any peace officer to bring the defendant without unnecessary delay before the court for a hearing on the matters set forth in the application. At the conclusion of the hearing the court may enter an order authorized by subsection (a).

his right to probation and that until he was given a preliminary hearing, he was severely handicapped and prejudiced in presentation of evidence to support his probation as well as in gathering evidence in mitigation. The motion to vacate the increase of bond was denied.

On November 1 the motion for continuance was renewed, at which time the court was advised that the preliminary hearing on the aggravated battery and attempted murder charge would be held within the next day, and the motion denied. Upon a motion to defer sentencing the court asked the defendant to produce his evidence on the probation application, defendant rested without presenting any evidence, and the court advised that it would rule on the probation matter and the matter of sentencing on November 5th. On November 2, on oral motion of defendant's attorneys, bond was reduced to $10,000 and defendant was released from custody upon posting bond approved by the court.[2]

On November 23 the cause was called for hearing on the petition for probation, a motion to file affidavits on behalf of defendant was taken under advisement, bond was increased to $25,000, defendant was remanded to the custody of the sheriff upon failure to post bond, and the cause was continued to November 26. On that date,[3] defendant moved for a change of venue prior to sentencing on the theory the defendant had received adverse publicity in this proceeding concerning more serious charges and that as a result the sentence which he would receive would not be commensurate with the acts to which he had entered his plea of guilty. The motion was denied, whereupon the prosecution moved that the evidence heard on the petition for probation be considered in mitigation

---

[2] In the interim the charges of aggravated assault and attempted murder had been dismissed for lack of probable cause.

[3] On November 26, the court recited that the application for probation had been denied, although the record does not show any specific pronouncement to that effect on November 23rd or 26th.

188

and aggravation. To this defendant objected, particularly objecting to the testimony of defendant's wife being used. The court held that the evidence of defendant's wife was to be excluded, and the remainder of the evidence from the probation hearing would be used. Neither the People nor defendant presented any evidence, and after hearing defendant's attorney, the People urged that in imposing sentence the court take into consideration the evidence presented on the probation hearing and pointed out that the court was entitled to receive evidence as to moral character, life, family, occupation, and criminal record of the offender [4] and may consider such evidence in mitigation and aggravation; further arguing that the court was not limited strictly to only the facts of the offense itself, but must necessarily include other factors and evidence, which had come to the court's attention. The prosecutor then recited that the court should not consider the aggravated battery and attempted murder charges, and that the State's Attorney recommended a sentence of not less than 10 nor more than 20 years. Thereupon the court sentenced defendant to not less than 5 nor more than 15 years in the penitentiary.

On December 3, 1965, defendant's attorneys filed a motion for reduction of sentence pointing out that the only matters in aggravation properly presented had been the circumstances surrounding the burglary to which he had pled, and the testimony of his wife's mother that he was cruel and abusive to his wife and not deserving of probation. The motion further pointed out that, although the State had agreed that evidence of other unrelated charges

---

[4] According to the record defendant had no record of any previous conviction. Ch 38, § 1–7(g) provides, "For the purpose of determining sentence to be imposed, the court shall, after conviction, consider the evidence, if any, received upon the trial and shall also hear and receive evidence, if any, as to the moral character, life, family, occupation and criminal record of the offender and may consider such evidence in aggravation or mitigation of the offense."

189

was to be excluded in determining sentence, they had been injected into this case as a basis for increasing bond, and that the court gave credence to such charges in increasing the bond. The motion was accompanied by the affidavit of a business acquaintance and a former employer, to the effect that defendant was a conscientious and trustworthy employee, and to their knowledge had never caused any trouble.

On November 8th, the motion was heard and taken under advisement, the prosecutor having orally moved that the motion be dismissed. On the same date defendant moved that a previous order *forfeiting bond* be vacated. Such order was entered. The motion to dismiss the motion of reduction of sentence was filed on December 8, and was allowed on December 10th, at which time sentence was reaffirmed.

The People have filed in this court a Motion to Suggest Diminution of the Record which has been taken with the case. The motion states that the record is incomplete in that it does not contain the report of the probation officer and certain proceedings had on November 5th, and that the Clerk of the Court inadvertently omitted them from this record. Defendant has filed objections thereto pointing out he has filed no designation of portions of the trial court record to be included, and that the portions constituting the record on appeal are specifically enumerated by Supreme Court Rule 27(8), and do not include the probation report; further that the report of the probation officer, although marked filed on September 30, 1965, was not available as a part of the files prior to sentence and was not made available to defendant or his counsel; that the People did not request that the court consider the information in the probation report as a matter in aggravation, and if they had, objecting would have been forthcoming with a request for disclosure. Further pointing out that section 1–7 (g) (supra)

prescribes what evidence the court shall consider in determining sentence, and that by virtue of section 204–4 of chapter 38 such report is designed to confidentially advise the court as to the suitability of a defendant for probation, and not as a presentencing report; [5] that defendant has not raised the issue of denial of probation in this appeal; and further that the suggested diminutions, are "accretions" and that any additional portions desired to be designated by the State as a part of this record should *have been so* designated to the clerk of the trial court in accordance with Rule 27(8) 11.

We agree with the contentions of defendant as set out in his objections and accordingly deny the motion suggesting diminution of the record. Upon its review, we can only conclude that the motive for its presentation is consistent with the prosecutor's efforts as shown by this record to prejudice those charged with the responsibility of determining dispassionately and objectively, what sentence should be imposed.

In People v. Riley, 376 Ill 364, 33 NE2d 872, at a hearing in aggravation and mitigation the Assistant State's Attorney read into the record previous arrests not followed by convictions. The Supreme Court at pages 367, 368 said:

"On a hearing of this kind the prosecutor is under both a legal and moral duty not to offer anything for

[5] The duties of the probation officer shall be (4): "To preserve complete and accurate records of cases investigated, including a description of the person investigated, the action of the court with respect to his case and his probation, the subsequent history of such person, if he becomes a probationer, during the continuance of his probation, which records shall be open to inspection by any judge or by any probation officer pursuant to order of the court, but shall not be a public record, and its contents shall not be divulged otherwise than as above provided, except upon order of the court".

the consideration of the trial judge which may be of doubtful competency and materiality. On this kind of a hearing the attorneys must be held accountable for the highest ethical standards and if it can be seen that a breach of such standards has prejudiced a defendant it must be expected that any sentence so attained will be set aside."

and continuing at page 369:

"Obviously the trial judge owes the same duty to the defendant to protect his own mind from the possible prejudicial effect of incompetent evidence that he would owe in protecting a jury from the same contaminating influence. The prosecutor in such circumstances owes the duty of not only protecting the defendant but also the judge from such prejudicial matter."

█ Unfortunately we are unable, in this case, to say that the prosecutor fulfilled his duty toward either the defendant, or the court. By the motion to use the evidence taken in the hearing on the application for probation, as the evidence in aggravation, the People succeeded in doing that which they could not have done in a separate hearing in aggravation and mitigation. By their representations to the court as to the necessity to increase bond in this case, while Defendant was in custody on bond of $15,000 which he was unable to make, on charges on which he had not been convicted, the People were able to bring to the attention of the court and keep before the court, the impression that defendant was a habitual felon; which is not supported by this record. By their showing, over objection, the details of a crime allegedly committed, after the plea of guilty in this case, in a neighboring county, they invited the court to also take that matter into consideration as aggravation in the present case. That

192

the court gave credence to such ungrounded allegations is reflected by its action on the defendant's bond.

The People urge here, that since the sentence is within the limits prescribed by the Legislature for burglary, and the sentence is less than the recommendation of the prosecutor that this sentence should not be disturbed. We are aware of the admonition of our Supreme Court in People v. Taylor, 33 Ill2d 417, 211 NE2d 673, in which, at page 424, the court said:

> "We believe that under the now applicable statute granting reviewing courts the power to reduce sentences imposed by trial courts where circumstances warrant (Ill Rev Stats 1963, chap 38, par 121–9(b) (4), such authority should be applied with considerable caution and circumspection, for the trial judge ordinarily has a superior opportunity in the course of the trial and the hearing in aggravation and mitigation to make a sound determination concerning the punishment to be imposed than do the appellate tribunals."

Here the procedure followed, initiated by the prosecutor deprived the trial judge of that "superior opportunity" to make a sound determination concerning punishment. The prosecutor's lip service that incompetent matters which he had brought to the court's attention should not be considered by the court in sentencing, by their repetition, only served to aggravate the situation; particularly when accompanied by a recommendation of 10 to 20 years in this case.

■ We have no doubt that the authorities in Morgan County will perform their duties, and are competent to adequately prosecute this defendant on any charges that might have arisen in that county; but this defendant was clothed with a presumption of innocence of those charges,

just as he was clothed with a presumption of innocence of the aggravated assault and attempted murder charges which were dismissed for lack of probable cause, and under the circumstances here we cannot assume that both the direct and indirect evidence of them presented to the court was not prejudicial. Evidence incompetent in a hearing in aggravation and mitigation, along with evidence of serious charges which were dismissed for lack of probable cause was heard by, and all proceedings were held before, one particular judge who ultimately assumed the responsibility for determining the adequate sentence. No effort was made to protect him from the prejudicial matter, as required by People v. Riley (supra), a case decided twenty-five years ago, before the United States Supreme Court laid down the guidelines which have required a more careful consideration of the legal rights of both the guilty and those charged. The trial court, in his discretion, did not avail himself of the opportunity, to allow a judge who had not been subjected to incompetent evidence in aggravation, to determine the punishment to fit the crime.

■ In Illinois the offense of burglary is defined by statute (c 38, § 19–1), which supersedes the common law elements. People v. Maffioli, 406 Ill 315, 94 NE2d 191. Under our statute felonious intent is not required, if the defendant intended to commit a theft or larceny. Therefore, one who illegally enters another's property with intent to commit a petty theft is equally guilty with another who makes the same entry by force with intent to murder, kidnap or rape. This explains the indeterminate nature of the possible penalty under this section. However, this does not cloak the trial court with unrestricted authority to impose a sentence disproportionate with the type of offense shown by the varying facts in each case. Burglary by statutory definition now encompasses the most innocuous offenses together with the most aggravated. Considerably more care must be given

in reviewing a sentence under this section. It requires more than a determination of whether the sentence falls within the statutory limitation or the recommendation of the prosecutor. The statutory limit is indeterminate, and the indeterminate nature of the maximum penalty was obviously designed to allow a court to make a punishment fit the crime, but not to authorize any sentence under any circumstances.

In the present case, we determine from the record that competent evidence offered by the People in aggravation would show that a forcible entry had been made into the building in which defendant was apprehended at which time he had on his person a screwdriver, pliers and flashlight, and that his car was parked near the scene; further that he had been physically abusive to his wife, and that he had threatened his wife and mother-in-law. There was also competent evidence that defendant was not armed and that nothing was stolen from the burglarized premises; and was a first offender 27 years of age.

On that evidence and defendant's plea of guilt, the trial judge was confronted with determining whether justice required a minimum of 1 year, or whether justice coupled with the welfare of society, the determent to crime, and the possible rehabilitation of defendant required a greater minimum sentence. In Illinois, the Criminal Code has adopted a method of review of sentencing. Ill Rev Stats 1965, c 38, § 121–9(b)(4). We are mindful that the trial judge has a "superior opportunity" to make a sound determination concerning punishment, to that of appellate tribunals, People v. Taylor (supra), however a "superior opportunity," on the basis of the record in this case and the sentence imposed, does not imply a just and equitable sentence. To countenance the sentence in this case would emasculate the obvious intent and policy of the statute providing for review and reduction of sentence.

For the foregoing reasons the judgment and sentence of the Circuit Court of Sangamon County are modified

to provide that the sentence imposed on defendant be reduced to provide confinement in the Illinois State Penitentiary for a period of not less than two years nor more than five years. As so modified, the judgment of the Circuit Court of Sangamon County is affirmed and the cause remanded with directions that a mittimus issue in conformance with this opinion.

The judgment is modified and affirmed and the cause is remanded with directions.

GOLDENHERSH, P. J. and MORAN, J., concur.