THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIE MOORE, Defendant-Appellant.

(No. 70-46;

Fifth District—June 4, 1971.

Morton Zwick, of Defender Project, of Chicago, (Theodore A. Gott-fried, of counsel,) for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

PER CURIAM:

Defendant Willie Moore pleaded guilty to the offense of burglary in violation of Ill. Rev. Stat. 1969, ch. 38, sec. 19—1, in the Circuit Court of St. Clair County. After denying his application for probation the court sentenced defendant to a term of three to ten years in the penitentiary. Defendant appeals contending that the sentence imposed was excessive.

The record discloses that the defendant is 23 years of age with a wife and three children and has an eighth grade education. He has no prior convictions. The burglary to which he pleaded guilty consisted of breaking into a market which had received fire damage the previous night and had been closed to the public. Neither he nor the co-defendant with whom he was indicted were armed and no merchandise was taken. The two men were found inside the store at approximately 1:30 in the morning and several boxes of merchandise were found stacked near the door. The indictment against the co-defendant was dismissed when he joined the army. The defendant had not maintained steady employment, but several job terminations were due to lack of transportation, union difficulties, or by the fact that the project on which he had been working was closed down. He lived at home with his family and had not mistreated his wife.

O. W. Goldstein, who is employed at Southern Illinois University on the staff at the Center for the Study of Crime Correction and Delinquency and primarily trains probation officers in Illinois, testified on behalf of the defendant. He had known defendant since December of 1964 when he was pastor of the First United Lutheran Church in East St. Louis. He testified that during the time he has known defendant, defendant has exhibited positive leadership qualities in the community and has maintained an anti-violent attitude and that defendant has worked with him productively on several community projects and he believed that defendant would be a positive factor in the community if he were granted probation.

The chief adult probation officer prepared the probation report and testified at the hearing but he did not conduct the investigation. On the basis of information which he received, he concluded that defendant was not a fit subject for probation. There were references in his testimony and in the probation report to prior arrests, none of which resulted in convictions, as well as allegations that militant organizations operated in defendant's neighborhood and that defendant knew various persons who were deemed "undesirable". There was no showing as to the nature of his association with these organizations or persons or that he shared their philosophies.

Defendant has complained of the nature of most of the evidence

introduced against him in the hearing. However, by requesting a hearing for probation, defendant has permitted the State to introduce evidence of prior arrests which would not have been admissible against him in a hearing held solely in aggravation and mitigation. (*People v. Grigsby,* 75 Ill.App.2d 184.) Prior arrests which do not result in convictions may not properly be considered in passing sentence. *People v. Riley,* 376 Ill. 364; *People v. Jackson,* 95 Ill.App.2d 193.

■■   This court has previously considered the purposes of the sentencing process which are "adequate punishment for the offense committed, the safeguarding of society from further offenses, and the rehabilitation of the offender into a useful member of society. (*People v. Brown,* 60 Ill.App.2d 447; *People v. Evrard,* 55 Ill.App.2d 270.) Adequacy of the punishment should determine the minimum sentence, with the maximum dependent upon the court's divination as to the length of time required to achieve rehabilitation." (*People v. Lilly,* 79 Ill.App.2d 174 at 178. See also *People v. Conner,* 131 Ill.App.2d 1055 and *People v. Higgins,* 133 Ill.App.2d 186.) In addition, we now take notice that the new constitution approved by the people of Illinois to take effect July 1, 1971 provides within its Bill of Rights that "All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the defender to useful citizenship." Ill. Const., art. I, sec. 11 (effective July 1, 1971).

■■   With this in mind, we regard this case as one appropriate for the imposition of a minimum sentence of one year and a maximum of three years. This conclusion is based primarily on the factors that defendant had no prior record, maintained a family life and exhibited a positive interest in the community, that the building which he and the co-defendant broke into was a market which had been closed to the public, and that they were not armed nor was any violence involved and no merchandise was taken.

Accordingly, the judgment and sentence of the Circuit Court of St. Clair County are modified to provide that the sentence imposed on defendant be confinement in the penitentiary for a term of not less than one nor more than three years, and as so modified the judgment is affirmed.

Judgment modified and as modified, affirmed.