THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRANKIE HAYNES, Defendant-Appellant.

(No. 70-122; )

Fifth District—June 24, 1971.

Morton Zwick, of Defender Project, of Chicago, (Matthew J. Moran, of counsel,) for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

Mr. JUSTICE CREBS, delivered the opinion of the court:

Defendant, Frankie Joe Haynes, pleaded guilty in the Circuit Court of St. Clair County to theft of property exceeding $150.00 in value, in violation of Chapter 38, Section 16—1 (d), Illinois Revised Statutes. A second count of the indictment charging burglary was dismissed by the State; defendant's petition for probation was denied; and he was sentenced to the penitentiary for a term of not less than three nor more than ten years. His appeal contends that the sentence imposed was excessive.

The record reveals that defendant was 22 years of age at the time he was sentenced on April 6, 1970. He was born and raised in East St. Louis, and at the time of his offense he was living at home with his mother and four younger brothers. His father died in 1957. After finishing the ninth grade in school he dropped out, enlisted in the Marine Corps, and spent 4 years in service, 22 months of which were in Vietnam where he was wounded twice. The offense to which he pleaded consisted

of knowingly acquiring the fruits of a burglary. Though the record is somewhat confusing, it appears from the report of the investigating detectives that the burglary itself was committed by defendant's 15 year old brother and another juvenile who entered a dwelling and took several articles of clothing, a television set and some silverware. They later told defendant and he and a friend disposed of the items and split the proceeds.

The probation report stated that after defendant received his honorable discharge from the Marines in 1969 he held several different jobs but that he was not consistent in holding them; that he had first been arrested in 1964 as a delinquent when he was 15 years of age; that he had been allegedly involved in two car thefts, and a criminal trespass to a vehicle while in the Marines, but in each instance no warrant was issued. Shortly after his discharge he was arrested for possession of narcotics but was not held. The probation report recommended against probation stating that though defendant had no prior convictions he had apparently led a charmed life.

In his own testimony defendant admitted that he had been involved in two car thefts, but he stated that the State had dropped the charges. It is not clear in the record but it appears that one of these alleged theft charges may have arisen out of being picked up while riding in a car stolen by another boy. Defendant also admitted he had been arrested for possession of narcotics but stated that he had just come to the yard of a house where the police were making arrests and that they took him in with the others who had been arrested but later made no charge and released him. He also admitted that while in the Marines he had lost 178 days and that he had gone AWOL but stated that that was partly due to his inability to get a plane back to his duty in Vietnam after a leave. He stated further that he had been living with his mother at the time of the present incident, that he helped her with the support of the family, and that if he were granted probation he was sure he could get a job with the Post Office Department where he had previously worked.

■■ We have recently had occasion to consider the purposes of the sentencing process. In *People v. Moore*, 133 Ill.App.2d 827, 272 N.E.2d 270, we reduced a sentence for burglary, stating that a sentence should be such as will provide adequate punishment for the offense committed, safe-guard society from further offenses and serve to rehabilitate the offender into a useful member of society. (See also *People v. Brown* 60 Ill.App.2d 447.) We also took notice in the *Moore* case of the new Illinois Constitution which provides in its Bill of Rights that, "All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the defender to useful citizenship." (Ill. Const.,

Art. I, Sec. 11 (effective July 1, 1971).) In *People v. Harpole*, 97 Ill.App. 2d 28, we used similar language stating that the purpose of modern day penology is the rehabilitation of the offender and that an appropriate sentence is one which has the greatest potential of restoring one to a useful and productive place in society while at the same time adequately punishing the offender for his misconduct and safeguarding the public from further offenses.

■■ Under these principles we consider the case before us as one appropriate for a reduction of sentence. Defendant had no record of convictions and he apparently took no part in the burglary itself, but merely helped dispose of the few items that were taken. He lived at home with his mother and did to some extent help with her support. His employment record indicates a lack of dedication to a particular job, but likewise it indicates an ability to obtain employment when desired. More important, defendant has demonstrated his positive interest in his community and has served that interest credibly with a four year enlistment in the United States Marines culminating with an award of the Purple Heart and an honorable discharge. We believe him to be an appropriate subject for rehabilitation into a useful member of society.

Accordingly, the judgment and sentence of the Circuit Court of St. Clair County are hereby modified and defendant's sentence is reduced to a minimum of the time already served in the penitentiary on his present conviction, thus making him eligible for immediate parole. As so modified the judgment is affirmed.

Judgment affirmed as modified.

G. MORAN and JONES, JJ., concur.