THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SAMMY TAYLOR, Defendant-Appellant.

(No. 12024;

Fourth District—September 10, 1973.

John F. McNichols, Deputy Defender, of Springfield, (J. Daniel Stewart, Assistant Appellate Defender, of counsel,) for appellant.

Basil G. Greanias, State's Attorney, of Decatur, (Patrick M. Walsh, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE SMITH delivered the opinion of the court:

The defendant appeals from a sentence of 1 to 7 years entered on a plea of guilty to burglary in the circuit court of Macon County. The plea was entered as a result of plea negotiations where the People agreed to abide by the recommendation of the probation officer and in event probation was denied, they would recommend the sentence of 1 to 7 years. Probation was denied.

At the probation hearing, it appeared that the defendant had no prior record of conviction except a speeding ticket, that there was a burglary charge pending against him in another county, that his employment possibilities were somewhat slim, and that in his 19 years of living there had been numerous conflicts with the law beginning sometime in 1967. After the burglary, he went to Wisconsin, was arrested there, and was returned to Decatur. He had likewise drifted to Indian-

apolis, and also spent a couple of weeks in Pennsylvania prior to his arrest. It would serve no useful purpose in detailing here all of his conflicts with the law-enforcing agencies, or with his motives for the present burglary. He threw a brick through a window of a business establishment and carried away a television set. He had borrowed a friend's car and told that friend he was almost caught while carrying the television set to the car. He had no family nor children and had no job to go to. Under the circumstances, we cannot feel that the trial court abused its discretion in this case. In a hearing on aggravation and mitigation, arrests not resulting in conviction are not to be considered. It is otherwise as to probation. *People v. Jackson,* 95 Ill.App.2d 193, 238 N.E.2d 196; *People v. Smith,* 111 Ill.App.2d 283, 250 N.E.2d 178; *People v. Moore,* 133 Ill.App.2d 827, 272 N.E.2d 270; *People v. Bowlin,* 133 Ill.App.2d 837, 272 N.E.2d 282.

■ ■ Both the People and the defense waived evidence in aggravation and mitigation, and the probation officer's report was essentially the court's main source of information concerning the defendant. It was offered in his behalf. It recommended a denial of probation. As was stated in *Moore,* at page 829, "However, by requesting a hearing for probation, defendant has permitted the State to introduce evidence of prior arrests which would not have been admissible against him in a hearing held solely in aggravation and mitigation. * * * Prior arrests which do not result in conviction may not properly be considered in passing sentence." The determination of whether to grant or deny probation each must rest on its own factual bottom gleaned from the defendant's past. We cannot say in this case that the trial court abused its discretion or acted arbitrarily in denying probation.

Under the Unified Code of Corrections, the defendant was guilty of a Class 2 felony (Ill. Rev. Stat., 1972 Supp., ch. 38, § 19—1(b)), and the term of imprisonment authorized is 1 to 20 years (Ill. Rev. Stat., 1972 Supp., ch. 38, § 1005—8—1). The sentence imposed here was 1 to 7 years, which leaves a reasonable spread within which the parole board may operate and give the defendant the opportunity to establish that his past is not the prologue for his future.

Accordingly, the judgment of the circuit court of Macon County is affirmed.

Judgment affirmed.

CRAVEN, P. J., and TRAPP, J., concur.