THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GARY WAYNE VAN GILDER, Defendant-Appellant.

(No. 74-241;

Fifth District—February 25, 1975.

Paul Bradley and James R. Streicker, both of State Appellate Defender's Office, of Chicago, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Bruce D. Irish and Myra J. Brown, both of Statewide Appellate Assistance Service, of counsel), for the People.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

Defendant appeals his conviction of burglary (Ill. Rev. Stat., ch. 38, par. 19—1) entered upon his negotiated plea of guilty. He was sentenced to a term of imprisonment of not less than 2 nor more than 6 years.

Two issues are raised on the appeal, whether the trial court committed reversible error in failing to determine defendant's plea of guilty was voluntary and not the product of force, threats or coercion, and whether the 2- to 6-year sentence is excessive.

The record made at the time of entry of defendant's plea of guilty shows that the trial court fully complied with all requirements for entry of pleas of guilty provided by Supreme Court Rule 402 (Ill. Rev. Stat., ch. 110A, par. 402) except for a specific determination that the plea was voluntary and not produced by any force, threats or promises apart from the plea agreement, as required by Supreme Court Rule 402(b). Defendant properly places reliance on our decisions in *People v. Schoate*, 21 Ill.App.3d 3, 312 N.E.2d 763; *People v. Barker*, 15 Ill.App.3d 104, 303 N.E.2d 512; *People v. Hendrickson*, 11 Ill.App.3d 219, 296 N.E.2d 751; and *People v. Kehoe*, 10 Ill.App.3d 955, 295 N.E.2d 292. The thrust of our decisions in those cases is that there must be strict compliance with the provisions of Supreme Court Rule 402(b) and any failure therein will result in a reversal and remandment for the taking of another plea.

■■ But the People have called our attention to the recent (November 1974) decision of our supreme court in *People v. Ellis*, 59 Ill.2d 255. There, the transcript of proceedings at the plea of guilty hearing showed that the circuit court did not inquire of the defendant, in specific terms, whether the plea was induced by any force, threats or promises other than those contained in the plea agreement. Defendant argued that the failure to do so was reversible error. The supreme court rejected the defendant's position, stating:

> "While we do not approve of any failure to comply strictly with the explicitly stated requirements of Rule 402, it does not follow that every deviation therefrom requires reversal. If upon review of the entire record it can be determined that the plea of guilty made under the terms of a plea agreement was voluntary, and was not made as the result of force, threats or promises other than the plea agreement, the error resulting from failure to comply strictly with Rule 402(b) is harmless. *People v. Krantz*, 58 Ill.2d 187." 59 Ill.2d 255, 257.

■■ Our review of the entire record here leads to the conclusion that the plea of guilty was in fact voluntary, in accordance with the agreed terms, and not the product of force or threats. While not identical on its facts touching the plea, it is apparent that it is within the compass of the

*Ellis* rule. Defendant was represented by counsel throughout the proceeding, he consulted with counsel by telephone prior to the hearing two or three times, and defendant and his counsel withdrew for further consultation during a recess for the purpose at the plea proceeding. The court's admonitions were thorough in every respect (other than that as to voluntariness), and the defendant stated that he knew and understood the charges. In response to a question by the court as to what sentence he would get, defendant stated 2 to 3 years, that no one told him that, it was just what he thought.

Not only does the record give every appearance that the plea of guilty was voluntary, defendant neither in the trial court nor here has alleged or suggested that force or threats were used or that the terms of the plea agreement were not followed. His only contention is that the litany of Rule 402(b) was not followed, and it was not. But in view of the holding in the *Ellis* case and our review of the entire record, we conclude that the error was harmless.

■■ Our departure here from our previous practice of reversing any case where the record disclosed there was a failure to strictly comply with the requirements of Rule 402 is not grounded on the *Ellis* case alone. In another recent (September 1974) supreme court case, *People v. Dudley*, 58 Ill.2d 57, 316 N.E.2d 773, the notion that a strict, literal compliance with every facet of Rule 402 is mandatory was rejected. There, the defendant argued that his conviction on a plea of guilty should be reversed because, contrary to the provisions of Rule 402(b), the terms of the plea agreement were not stated in open court. The supreme court agreed with defendant that there was no compliance whatever with the Rule's requirement that the plea agreement shall be stated in open court. They disagreed, however, that reversal was required, stating:

> "It does not follow, however, that the failure to comply with these provisions of Rule 402(b) must result in a reversal of the judgment of conviction. There is no claim that the plea of the defendant, who was represented by counsel, was not voluntary. There is no other claim of harm or prejudice to the defendant. When questioned by the judge the defendant expressed himself as being satisfied with the plea agreement which had been negotiated for him by his attorney, and even now there is no expression of dissatisfaction with the plea agreement's terms. And finally, there is no contention by the defendant that the plea agreement was not honored—no claim that the sentence imposed was not the one agreed upon. What we observed in *People v. Morehead*, 45 Ill.2d 326, 332, 259 N.E.2d 8, 11, is appropriate here: 'It is not the policy of this court to reverse a judgment of conviction merely

because error was committed unless it appears that real justice has been denied * * *.'" 58 Ill.2d 57, 60-61.

Defendant also contends that the sentence of 2 to 6 years' imprisonment is excessive and should be reduced.

Defendant does not allege that the sentence imposed did not accord with the terms of the negotiated plea. The terms of the agreement simply were that defendant would enter a plea of guilty and the State would stand on the presentence report and make no recommendation as to sentence. Defendant made an application for probation and the hearing on probation, aggravation and mitigation and sentencing was set. At the appointed time, the presentence report prepared by the Madison County probation department was received without change, and neither side presented additional evidence. The record notes that defendant received and reviewed a copy of the presentence report. The court reviewed the report and imposed sentence.

■■ Burglary is classified as a Class 2 felony under the Criminal Code (Ill. Rev. Stat., ch. 38, par. 19—1(b)), and the Unified Code of Corrections provides that the available range of sentence for a Class 2 felony is 1 to 20 years (Ill. Rev. Stat., ch. 38, par. 1005—8—1(b), (c)). The sentence imposed was within the prescribed range. The defendant points out, however, that the Unified Code of Corrections (Ill. Rev. Stat., ch. 38, par. 1005—8—1(c)(3)) provides that "for a Class 2 felony, the minimum term shall be 1 year unless the court, having regard to the nature and circumstances of the offense and the history and character of defendant, sets a higher minimum term, which shall not be greater than one-third of the maximum term set in that case by the court." He argues that considering the nature and circumstance of the offense in question and the history and character of the defendant, the sentence is excessive. With regard to the nature and circumstance of the offense, the record reveals that the burglary of which defendant was convicted involved breaking into a pickup truck at 3:45 A.M. and the taking of a vacuum cleaner, a leather tool pouch with tools and a metal container with nuts and bolts. There is no indication that either the defendant or his companion was armed or that any violence occurred. With regard to the history and character of the defendant, the record indicates that defendant was 18 years old at the time of the offense and living with his mother. He left school after the eighth grade and attended the Venice Technical Institute for 6 months. After leaving the Institute he was employed at various jobs, all for a short period of time, but he was unemployed at the time of his guilty plea. The record further reveals that defendant's prior criminal record consisted of misdemeanor convictions for criminal trespass to vehicle and criminal trespass to land. He was on

probation for criminal trespass at the time of the sentence hearing. In addition, he had been adjudicated a delinquent based upon a burglary charge in November 1972. " '[w]here it is contended that the punishment imposed in a particular case is excessive, though within the limits prescribed by the legislature, this court should not disturb the sentence unless it clearly appears that the penalty constitutes a great departure from the fundamental law and its spirit and purpose, or that the penalty is manifestly in excess of the proscription of section 11 of article II of the Illinois constitution which requires that all penalties shall be proportioned to the nature of the offense  *  *  *.' " (*People v. Taylor*, 33 Ill.2d 417, 424, 211 N.E.2d 673.) These principles were not violated here. The trial court was in a superior position to judge the facts of the case, the character of the defendant and make a determination of a proper sentence. On the record presented we will not disturb his determination in this case.

Affirmed.

KARNS and CARTER, JJ., concur.