The People of the State of Illinois, Plaintiff-Appellee, *v.* Jack Joseph Grau, Defendant-Appellant.

(No. 74-204; ▮▮▮▮▮▮▮▮▮▮)

Fifth District—June 11, 1975.

Stephen P. Hurley and Ann L. Carr, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

William J. Scott, Attorney General, of Springfield (Tracy W. Resch, Assistant Attorney General, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

The defendant, Jack Joseph Grau, appeals from a judgment of the Circuit Court of Washington County entered on a plea of guilty to the offense of burglary. Three issues are presented for review: (1) whether the defendant's sentence of 1 to 3 years in the penitentiary was excessive; (2) whether the defendant received a fair sentencing hearing; (3) whether the discrepancy between the sentence imposed on the defendant and the sentences entered on his codefendants was fundamentally unfair.

Just before midnight on May 15, 1974, the defendant and two codefendants broke into a grade school building. The defendant and one codefendant were apprehended inside the building, apparently during the first hour of May 16, 1974. Later the same day, defendant waived preliminary hearing, was arraigned, waived counsel and indictment, and pleaded guilty. His codefendants also pleaded guilty.

The court convened separate sentencing hearings for the three men. On June 28 the defendant was sentenced to 1 to 3 years' imprisonment. On July 2 his codefendant, Joseph Broussard, was sentenced to 4 years' probation, and on December 18, the court sentenced codefendant, Dennis Buss, to 3 years' probation. Originally, Buss had received the same sentence as the defendant, but, on appeal to this court Buss' sentence was vacated and the cause was remanded because he was not advised of his right to counsel at the sentencing hearing. At the sentencing hearing in December, 1974, Buss testified that he was living at home, employed, and was a union member.

While under the facts of this case we believe the appeal to be totally without merit, the number of cases brought before us on this point necessitates some more detailed discussion. While we realize that any review of a sentence imposed hinges upon the history, character, and condition of each particular defendant, we believe that many of the factors present in the instant case recur so frequently that a discussion of the role of reviewing courts in sentence reduction may be warranted.

■■ The defendant contends that his term of 1 to 3 years should be reduced to one of time served because no reasonable basis exists in the record to justify his sentence or the disparity between the sentence imposed upon the defendant and those imposed upon his codefendants. Since defendant has served the minimum sentence minus "good time" and is now on parole, we assume that defendant is asking that his maximum sentence be reduced. Defendant, in effect, asks us to impose a

determinate sentence. Such a sentence is not authorized by statute. (Ill. Rev. Stat. 1973, ch. 38, par. 1008—5—1.) While we have the power to reduce the sentence imposed (Ill. Rev. Stat. 1973, ch. 110A, par. 615), we seriously question whether we could impose a sentence that the trial court could not. In the view we take of the case, however, we need not reach this question.

The State contends that this appeal should not be treated simply as a prayer for reduction of sentence. Instead, the State maintains that the crucial issue is whether the trial court exercised proper discretion in denying defendant probation.

The standard of review where the sentence imposed is within statutory limits is whether the trial court exercised proper discretion in imposing sentence. The trial court's sentence will not be disturbed except where the record shows a manifest and arbitrary abuse of that discretion. (*People v. Taylor*, 33 Ill.2d 417, 211 N.E.2d 673 (1965); *People v. Rednour*, 24 Ill.App.3d 1072, 322 N.E.2d 492 (1974); *People v. Van Gilder*, 26 Ill.App.3d 152, 324 N.E.2d 715 (1975).) In *People v. Latson*, 5 Ill.App.3d 1100, 284 N.E.2d 436 (1972), the court offered the following guidelines for review of sentences imposed by the trial court:

> "The power to reduce the punishment imposed by the trial court should be exercised with caution, and this court will not reduce a sentence unless it clearly appears the punishment is a departure from fundamental law, its spirit and purpose, or that the penalty is not proportioned to the nature of the offense. [Citations.] (5 Ill.App.3d 1100, 1104-05, 284 N.E.2d 436, 437, *accord.*, *People v. White*, 22 Ill.App.3d 180, 317 N.E.2d 323 (1974).)

The foregoing standard also applies in determining whether a sentence of imprisonment should be reduced to a sentence of probation. (*People v. Rednour*, 24 Ill.App.3d 1072, 322 N.E.2d 492 (1974).) We reaffirm the principle announced in the above cases and apply it to the case before us.

■■ In the instant case, the record supports the trial judge's decision denying probation and imposing sentence of 1 to 3 years. A lengthy sentencing hearing was held at which eight witnesses testified, six on behalf of the defendant. The sentence of incarceration imposed was the minimum for a Class 2 felony. The record reflects that defendant had a sporadic employment record, was currently unemployed and had an unstable family background. There was evidence that he had a quick temper and engaged in violent conduct when drinking. In light of this evidence, we conclude that the trial court properly denied probation.

■■ The trial court is authorized to impose a sentence of imprisonment upon an offender if, having regard to the nature and circumstances of

the offense, and to the history, character, and condition of the offender, it is of the opinion that:

"(1) his imprisonment is necessary for the protection of the public; or

(2) the offender is in need of correctional treatment that can most effectively be provided by a sentence to imprisonment; or

(3) probation or conditional discharge would deprecate the seriousness of the offender's conduct and would be inconsistent with the ends of justice." (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—1(a).)

Before sentencing the defendant, the trial judge specifically stated:

"I do feel I have to give some consideration to the protection of society * * * I feel * * * there must be some deterrent for possible future offenders."

Evidence in the record confirms this opinion. Accordingly, we find that the circuit court was justified in imposing a sentence of imprisonment.

■■ The defendant's contention that his sentencing hearing was unfairly tainted by evidence improperly inserted in the presentence report and introduced at the sentencing hearing on June 28, 1974, is unsupported by the law. Section 5—3—2(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—3—2(a)) states that the presentence report shall set forth "the defendant's history of delinquency or criminality, physical and mental history and condition, family situation and background, economic status, education, occupation and personal habits" and "any other matters that the investigatory officer deems relevant * * *." In addition, imposition of a sentence of imprisonment, absent a waiver of the sentencing hearing or presentence report, is authorized only after the trial court reviews the "history, character and condition of the offender." (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—1(a).) Thus, the introduction of the defendant's school and military records was proper. The character evidence, including testimony about the accused's record of violence and drunkenness was also proper. *People v. Daugherty*, 106 Ill.App.2d 250, 245 N.E.2d 7 (1969).

■■ Because the defendant requested probation, took the stand, and testified about the circumstances surrounding his prior arrests, the introduction of evidence of these arrests not resulting in convictions was permissible. (*People v. Taylor*, 13 Ill.App.3d 974, 301 N.E.2d 319, (1973); *People v. Moore*, 133 Ill.App.2d 827, 272 N.E.2d 270 (1971).) Defense counsel made no objection to the introduction and use of this evidence.

■■ Although the court's reference to the defendant's "life style" may have been inappropriate, the meaning which the court assigned that

phrase is not necessarily indicative of improper sentencing considerations. When the trial judge imposed sentence, he made no reference to the defendant's living arrangements or habits. The facts here are distinguishable from those in *People v. McAndrew*, 96 Ill.App.2d 441, 239 N.E.2d 314 (1968), and *People v. Rednour*, 24 Ill.App.3d 1072, 322 N.E.2d 492 (1974). In *McAndrew*, the trial court displayed obvious bias toward the defendant's "hippie" life style. There the sentence was vacated on appeal and the case remanded for a new probation hearing. In *Rednour*, the trial court improperly considered two factors when reviewing the defendant's request for probation. First, the court improperly considered the public's displeasure with a number of burglaries, none of which was connected to the defendant, and the public clamor for stricter sentences. Secondly, the trial court emphasized the defendant's unconventional life style, a life style the appellate court found neither illegal nor immoral. Only a passing reference to the defendant's life style was made in the instant case. There was no evidence of prejudice or bias toward the defendant on the part of the sentencing judge. Consequently, we apply the well-established presumption that the trial court recognized any incompetent evidence introduced at the presentence hearing and disregarded it. *People v. Fuca*, 43 Ill.2d 182, 186, 251 N.E.2d 239, 241 (1969).

■■ Likewise, the trial court's remarks concerning the desirability of deterring further school burglaries do not indicate improper considerations. These remarks are within the ambit of section 5—6—1(a)(1) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—1(a)(1),(3)), which authorizes the imposition of a sentence of incarceration where probation or conditional discharge "would deprecate the seriousness of the offender's conduct" and where "his imprisonment is necessary for the protection of the public."

■■ Next, the defendant contends that the disparity between the sentence imposed upon him and the sentences imposed upon his co-defendants was fundamentally unfair. In *People v. Jones*, 118 Ill.App.2d 189, 197-98, 254 N.E.2d 843, 847 (1969), the court stated:

> "We recognize that not every offense in a like category calls for an identical punishment. There may be a proper variation in sentences as between different offenders, depending upon the circumstances of the individual case. As a general rule, where the punishment for the offense is fixed by statute, that imposed in the sentence must conform thereto, and a sentence which conforms to statutory regulations is proper. Before an Appellate Court will interfere, it must be manifest from the record that the sentence is excessive and not justified by any reasonable view which might be

taken of the record. [Citation.] Disparity of sentences between defendants does not, of itself, warrant the use of the power to reduce a punishment imposed by the trial court. [Citation.]"

The defendant admits that the sentencing considerations regarding codefendant Broussard and the defendant are not comparable. Broussard supported a wife and child, had no prior arrests and was less involved in the offense than the others. Thus, it is the disparity between the sentences given codefendant Buss and the defendant Grau that defendant attacks as arbitrary and fundamentally unfair.

At the time of sentencing in June, 1974, Grau and Buss were similarly situated in employment, age, school record, prior criminal record and participation in the crime. The sentencing judge recognized this similarity and sentenced both to 1 to 3 years in the penitentiary. Defendant contends that the disparity between the sentence of 3 years' probation later imposed upon Buss on remand for resentencing and the defendant's sentence of imprisonment is fundamentally unfair.

We believe that the new sentence imposed on Buss was justified because of changed circumstances. When Buss appeared for resentencing on December 18, 1974, he had a steady job, had joined a union, and was living at home with his family. Most importantly to the sentencing judge, Buss had been in the penitentiary for a period of time as a result of his original sentence. The judge also took note of his demeanor during incarceration in imposing a sentence of 3 years' probation.

For the foregoing reasons, we find the difference between the sentences imposed upon defendant Grau and codefendant Buss was appropriate. Accordingly, we affirm the defendant's sentence of 1 to 3 years' imprisonment.

Affirmed.

JONES, P. J., and CARTER, J., concur.