THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY RAY COULTAS, Defendant-Appellant.

(No. 74-329; )

Fifth District—July 9, 1975.

G. MORAN, J., specially concurring.

Stephen P. Hurley and Thomas F. Sullivan, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Donald R. Irvin, State's Attorney, of Mt. Vernon (Bruce D. Irish and Myra J. Brown, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Defendant-appellant, Larry Ray Coultas, was convicted of escape and two counts of unlawful restraint after a jury trial in Jefferson County. After a presentence hearing, he was sentenced to from 3 to 9 years for escape and from 1 to 3 for each count of unlawful restraint. All sentences were ordered to run consecutively. On appeal, defendant challenges the propriety of the sentencing hearing and the sentences imposed.

Defendant first contends that the court erred in considering arrests not resulting in convictions in imposing sentence. We should first note that defendant waived the preparation of a presentence report and that, therefore, the only evidence available to the judge of defendant's background was the testimony elicited at the hearing. At the beginning of the hearing, the State moved that certain court records from Marion County and Washington County be admitted by the court in aggravation. Upon objection by defendant, the records from Washington County were not accepted. Although the court did not specify the reason for the denial, defendant's objection clearly raised the fact that no disposition appeared of record of the Washington County matters. Defendant has no objection to the introduction of the record from Marion County. That record and subsequent testimony from the sheriff of Marion County established that defendant had been convicted of theft in 1973 and placed on probation. Defendant was still on probation at the time of the instant offenses. The Marion County sheriff also testified that while on bond prior to trial of the theft charge, defendant had left the State and gone to Wisconsin. He was later arrested and returned to Illinois. Defendant, in his testimony, stated that he had pleaded guilty to theft in Wisconsin and had served 4 months.

The State put on 12 witnesses at the sentencing hearing. They testified to a variety of misconduct by defendant, including destruction of jail property, attempted escapes, and eluding police officers in extended automobile chases. Most of the witnesses were law enforcement officers, from three counties. It was obviously the State's intention to demonstrate that defendant had a history of custodial misconduct, from escape to "bail-jumping" to eluding police officers and damaging jail property.

■■ It is true, as defendant argues, that references were made to prior arrests with no evidence of disposition. And we are cognizant of the holdings that prior arrests not resulting in convictions should not be considered by the trial court in imposing sentence. (*People v. Jackson,*

95 Ill.App.2d 193, 238 N.E.2d 196 (1968); *People v. Grigsby*, 75 Ill.App.2d 184, 220 N.E.2d 498 (1966).) But we do not believe this rule to be as restrictive as defendant suggests. The trial court is required to consider, *inter alia*, defendant's character and background in determining the sentence to be imposed. This is particularly true when he imposes a minimum sentence greater than the minimum established by statute. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1.) In the instant case, the State's evidence at the hearing was designed to show a pattern of conduct by the defendant. The nature of that pattern inextricably involved defendant's presence in various jails and contact with police officers. Obviously defendant must have been arrested in order to escape or damage jail property. The charges for which he was arrested, however, were either not mentioned or not dwelled upon with any witness. In addition, we note that defendant did not object to most of the testimony and he himself testified that he had run away from juvenile institutions and had failed on one occasion to return from furlough. We believe that it was necessary for the court to consider the evidence presented by the State. Without this background, the court would have been unable to perform his duties both to the defendant and to the People of the State of Illinois. The fact that this conduct sometimes led to arrests is of no consequence so long as the court does not consider the arrest alone in imposing sentence.

■■ Defendant also contends that the sentence of 3 to 9 years imposed for escape was excessive. Escape is a Class 2 felony and carries a possible penalty of from 1 to 20 years. (Ill. Rev. Stat. 1973, ch. 38, par. 1003—6—4.) The trial court considered the evidence of defendant's background and specifically noted the need for incarceration. He considered and rejected the State's recommendation of a long term of imprisonment. We will not disturb the sentence of the trial court unless the record indicates a manifest abuse of discretion by the court. (*People v. Taylor*, 33 Ill.2d 417, 211 N.E.2d 673 (1965); *People v. Van Gilder*, 26 Ill.App.3d 152, 324 N.E.2d 715 (1975).) We do not believe from the record before us that the court abused its discretion in imposing a sentence of from 3 to 9 years.

■■ Defendant finally contends that the court erred in imposing sentences for two counts of unlawful restraint where the record shows that they both were part of the same course of conduct that resulted in the escape. Section 5—8—4 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4 states in part:

> "The court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct dur-

ing which there was no substantial change in the nature of the criminal objective."

The incidents from which the instant offenses arose appear clearly to constitute a "single course of conduct" as defined by the statute. As part of the escape, defendant and two codefendants forced two jailers into the cell and locked the door. That action was not independently motivated but rather was merely a device intended to aid the escape. Thus, under section 5—8—4, consecutive sentences were not properly imposed.

■■ Defendant, however, contends further that the judgments and sentences imposed for unlawful restraint should be vacated. As authority, he cites a line of supreme court cases interpreting former section 1—7 (m) of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, 1—7(m) (repealed)). (*People v. Russo*, 52 Ill.2d 425, 288 N.E.2d 412 (1972); *People v. Lerch*, 52 Ill.2d 78, 284 N.E.2d 293 (1972); *People v. Whittington*, 46 Ill.2d 405, 265 N.E.2d 679 (1970); *People v. Stewart*, 45 Ill.2d 310, 259 N.E.2d 24 (1970).) As we noted in *People v. Binkley*, 25 Ill.App.3d 27, 322 N.E.2d 514 (1975), the *Stewart* case involved multiple offenses arising from a single act, rather than a series of acts as in the instant case. And in *Binkley*, we questioned, without deciding, whether section 5—8—4 superseded *Whittington*, which involved a series of acts similar to those in the instant case. Our rationale in *Binkley* applies equally to *Lerch* and *Russo*. The supreme court, however, has reaffirmed the earlier cases even after the enactment of section 5—8—4. In *People v. Williams*, 60 Ill.2d 1, 322 N.E.2d 819 (1975), the court held that multiple convictions for burglary and armed robbery could not stand where the armed robbery was simply the means employed to commit the theft which was the intent with which the burglary was committed. In *People v. Murrell*, 60 Ill.2d 287, 326 N.E.2d 762 (1975), the court held that a defendant's battery conviction could not stand independently of a theft conviction where the battery constituted the force by which the theft was effectuated. We believe *Murrell* to be more similar to *People v. Stewart; People v. Schlenger*, 13 Ill.2d 63, 147 N.E.2d 316 (1958); *People v. Lilly*, 56 Ill.2d 493, 309 N.E.2d 1 (1974); *People v. Scott*, 43 Ill.2d 135, 251 N.E.2d 190 (1969); and *People v. Hood*, 59 Ill.2d 315, 319 N.E.2d 802 (1974). As in those cases, the offenses in *Murrell* resulted from a single act. Though the defendant in *Murrell* was charged with theft, the offense actually committed was robbery and the battery was simply an element thereof. Were it not for *Williams*, we would reaffirm our belief, as stated in *Binkley*, that the doctrine that multiple *convictions* (rather than consecutive sentences) cannot stand is and should be limited solely to cases involving multiple offenses arising from the *same act*. (See 1973

U. ILL. L. F. 423.) We believe that section 5—8—4 is clear and unambiguous and proscribes only *consecutive* sentences for offenses arising from a single course of conduct. We do not believe that the rule first stated in *Stewart* and recently reaffirmed in *Williams* has any basis in the statutes or is compelled by any sense of justice or reason. (See *People v. Whittington,* 46 Ill.2d 405, 265 N.E.2d 679 (1970) (Mr. Justice Underwood's dissent).) We would simply modify the sentences here imposed for unlawful restraint to make them run concurrently with the escape sentence. We are compelled, however, to follow *Williams* and to vacate the judgments and sentences imposed for unlawful restraint.

The judgment and sentence imposed by the Circuit Court of Jefferson County is affirmed as to the escape conviction. The judgments and sentences imposed for unlawful restraint are reversed.

Affirmed in part; reversed in part.

CARTER, J., concurs.

Mr. JUSTICE GEORGE J. MORAN, specially concurring:

I concur in the result reached in this case; however, I disagree with that portion of the opinion criticizing the case of *People v. Williams,* 60 Ill.2d 1, 322 N.E.2d 819. See *Hensley v. Hensley,* 62 Ill.App.2d 252, 210 N.E.2d 568.

I also disagree with the rationale of *People v. Van Gilder,* 26 Ill.App.3d 152, 324 N.E.2d 715, cited by the majority, because it relies on cases antedating the Illinois Constitution of 1970. In *People v. Simmons,* 60 Ill.2d 173, 326 N.E.2d 383, our supreme court said:

> "Because the circuit court may reinstate the judgment of conviction, it is necessary to consider defendant's contention that the sentences imposed were excessive. Most of the cases cited by the People in support of its argument that the sentences were not excessive antedate the Constitution of 1970, which provides:
>> 'All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship.' Ill. Const. (1970), art. I, sec. 11." 60 Ill.2d 173, 182.