· THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT YOUNG *et al.*, Defendants-Appellants.

(Nos. 74-213, 74-219 cons.; )

Fifth District—July 9, 1975.

CARTER, J. concurring in part and dissenting in part.

Stephen P. Hurley, Thomas F. Sullivan, and Michael J. Rosborough, all of State Appellate Defender's Office, of Mt. Vernon, for appellants.

Robert H. Howerton, State's Attorney, of Marion, for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Defendants, Robert Young and Sam Fowler, were convicted upon pleas of guilty to burglary in Williamson County and, after separate sentencing hearings, were each sentenced to serve from 2 to 20 years. Each appealed separately raising only the issue of the excessiveness of the sentence. Because of the similarity of the allegations of error and the defendants' joint participation in the offense, we ordered the two appeals consolidated for the purpose of oral argument and opinion.

Both defendants admitted breaking into an auto store. Both were ap-

prehended by the police inside the store. Defendant Young was 17 at the time of the offense, Fowler was 18. Counsel for each defendant made an oral motion for probation at the close of the guilty plea proceedings and the court ordered the preparation of presentence reports. At the sentencing hearings no evidence was taken, both parties electing to stand on the presentence report. The State asked only for an unspecified term of imprisonment. Counsel for defendants asked for minimum punishment.

Where a sentence imposed by the trial court is within the statutory limits, a reviewing court will not disturb that sentence except where an arbitrary and capricious abuse of discretion is apparent. (*People v. Taylor*, 33 Ill.2d 417, 211 N.E.2d 673 (1965); *People v. White*, 22 Ill.App.3d 180, 317 N.E.2d 323 (1974).) We have recently reaffirmed that position (*People v. Grau*, 29 Ill.App.3d 327, 330 N.E.2d 530 (1975)), and do so again here.

With that in mind, we will review the backgrounds of each defendant to determine whether the trial court abused its discretion.

■■ We note at the outset that both defendants requested probation. It was therefore proper for the court to consider all matters in the record, including incidents and activities resulting in prior arrests not reduced to conviction. (*People v. Taylor*, 13 Ill.App.3d 974, 301 N.E.2d 319 (1973); *People v. Moore*, 133 Ill.App.2d 827, 272 N.E.2d 270 (1971); *People v. Coultas*, 30 Ill.App.3d 81, 332 N.E.2d 169 (1975).) The consideration by the trial court of prior juvenile proceedings in determining sentence is authorized by statute. Ill. Rev. Stat. 1973, ch. 37, par. 702—9(2).

Robert Young is now 19 years of age. He first came before the juvenile court at age 13, charged with theft. Since that time, various petitions for adjudication of delinquency have been filed, alleging five burglaries, battery, and resisting a police officer. Most of the petitions were never prosecuted to completion, but defendant was adjudicated delinquent and committed to the Illinois Department of Corrections at age 15. At the same time, however, defendant was being prosecuted under a petition for adjudication of delinquency in Federal court. The petition arose from the burglary of a post office. Defendant was later charged with contempt of court. He was adjudicated a delinquent and committed to the Federal Youth Center in Kentucky for the balance of his minority. Because of this commitment, he did not serve any time in the Illinois Department of Corrections. Defendant was released from Federal custody on January 7, 1974. The offense for which he now stands convicted occurred a little over a month later. The record also indicates that

defendant, before his commitment, was a chronic truant from school. At one point, the school threatened his parents with legal action against defendant because of this truancy. The parents were unable to control defendant, apparently from an early age. Defendant was arrested numerous times for curfew violations, often missed court dates, and did not make required reports to his probation officer. In addition, his record while in the Federal Youth Center indicates a rejection of numerous programs and personal attempts to rehabilitate him and several instances of antisocial conduct.

Defendant Young complains now of statements made by the trial court in sentencing reflecting the court's concern about the protection of property in the community. We believe that the defendant's past record justified this concern. In addition, the judge's statement, read in its entirety, reflects a genuine concern for the possibility of rehabilitation. The judge attempted to instill in defendant Young the realization that he controlled his own future and that he would have to conform his conduct to acceptable social norms to avoid recurring offenses and a lifetime in and out of jail. We believe that the minimum term of 2 years was justified in the instant case. Defendant also complains of the possibility of serving the entire 20-year maximum. The test we have adopted for reduction of maximum sentences is the same as we have stated above. (*People v. Petty*, 25 Ill.App.3d 35, 322 N.E.2d 603 (1975); *People v. Woods*, 30 Ill.App.3d 202, 331 N.E.2d 565.) In the instant case, it was reasonable for the trial court to believe that defendant is one in need of lengthy and close supervision. Defendant has served a great portion of his minimum sentence and will soon be eligible for parole. (Ill. Rev. Stat. 1973, ch. 38, par. 1003—3—1 *et seq.*) We do not believe that subjecting defendant Young to the conditions of parole for longer than the minimum available is an abuse of discretion. His record indicates that such supervision is required to return him to useful citizenship. Accordingly, we decline to reduce the sentence imposed.

Defendant Sam Fowler is now 21. At age 17 he was adjudicated a delinquent in Federal court because of his participation with defendant Young in the post office burglary. He served over a year in the Federal Youth center in Kentucky until his parole in 1973. It is interesting to note that his next difficulty arose soon after defendant Young's release from that institution. Although Fowler's name was mentioned in a statement by Young concerning other burglaries, Fowler apparently has never been before the juvenile court in Illinois. Before his commitment to the Federal Youth Center, Fowler had difficulties in school, including chronic tardiness and truancy. While in the Youth Center, however, defendant completed his high school education and excelled in voca-

tional courses in automobile mechanics. His record indicates that he possesses both talent and desire in this field and the potential to be a useful and productive member of society. His conduct while in the Youth Center was good, and he was paroled after a relatively short period of time.

■■ At sentencing, the court expressed to Fowler many of the same sentiments that appear in Young's sentencing hearing. Defendant complains, however, of references by the court to the Federal adjudication of delinquency. The court referred to Fowler as a "two-time loser" and one who had been previously convicted. We do not believe that the court erred in considering the prior adjudication in imposing sentence. We recognize, however, the significant difference in background and attitude of Fowler, and, were we sitting as a trial court, we would probably have imposed a lesser sentence. It is not the function of the reviewing court, however, to impose sentence and we will not substitute our judgment for that of the trial court. (*People v. Petty,* 25 Ill.App.3d 35, 322 N.E.2d 603 (1975).) It appears to the court that the legislature has provided another avenue by which the sentences can be reduced. Sections 3—3—2 and 3—3—8 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, pars. 1003—3—2 and 1003—3—8) give the Pardon and Parole Board the authority to discharge a defendant from the conditions of parole before parole would otherwise expire. The Board does not appear to be limited by any formula or timetable. And it is the Board which has the duty and the ability to maintain an ongoing relationship with the defendant both while in prison and after his release. The record before this court does not include evidence of a defendant's conduct after conviction. The Board, on the other hand, can view the defendant's conduct while in prison to determine his potential for rehabilitation. The Unified Code of Corrections sets out the qualifications required of the members of the Board. (Ill. Rev. Stat. 1973, ch. 38, par. 1003—3—1.) Those requirements clearly reflect the legislature's intention to create an agency which can bring various specialties to bear on the problems of individual offenders to determine the best program for the offender and protect the interests of society.

The judgment of the Circuit Court of Williamson County is affirmed.

Affirmed.

JONES, P. J., concurs.

Mr. JUSTICE CARTER, concurring in part, dissenting in part:
I concur with the opinion of the majority that the judgments of the

two defendants should be affirmed. I further concur with the disposition as to defendant Robert Young. The majority recognizes the differences in the background and attitude of the two defendants. I believe that this difference is such that defendant Fowler should receive treatment commensurate with his less troublesome background. While I recognize that the Pardon and Parole Board has the power to reduce the maximum sentence, it is my opinion that Fowler's maximum sentence should be reduced by this court pursuant to Supreme Court Rule 615 (Ill. Rev. Stat. 1973, ch. 110A, par. 615) to a term not in excess of 6 years.