(No. 42262.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* EDWARD M. JOHNSON, Appellant.

*Opinion filed June 29, 1970.*

ROBERT T. FASIC, of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and JAMES REILLEY, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE BURT delivered the opinion of the court:

Petitioner, Edward M. Johnson, appealed from an order of the circuit court of Cook County dismissing his amended petition filed under the Post-Conviction Hearing Act, which asserted substantial violations of petitioner's constitutional rights in his trial for armed robbery in which he was found guilty by a jury and sentenced to the penitentiary for a term of five to eight years. Specifically, the petition alleged that petitioner's constitutional rights had been violated in two respects: first, by the admission into evidence of an in-court identification of the accused which followed a pretrial line-up identification at which he was not represented by counsel; second, by denial of his right to effective assistance of counsel mainly for the reason that trial counsel had failed to object to the admission of the in-court identification testimony. The petition stated that the facts alleged had been duly preserved in the transcript of evidence and could be demonstrated by reference thereto. The answer of the People substantially denied all allegations of the petition, incorporating by reference the transcript of proceedings at the original trial. Counsel for the People urged that the prayer of the petition be denied and the cause dismissed because no substantial constitutional question was alleged or involved.

The petition was heard by the same judge who presided at the original trial. After extensive arguments of counsel, made with reference to the trial transcript and the legal questions raised, the court dismissed the petition, giving as the reason that petitioner's appeal from his original con-

viction was already pending in the appellate court. In the appellate court two points were raised: (1) the trial court abused its discretion when it denied the motion for new trial; and (2) defendant was not proven guilty beyond a reasonable doubt. The appellate court affirmed conviction. (Ill. App. 2d ——.) Without passing on the questions then before the appellate court, we have now examined the entire record of the original trial and we are of the opinion that the result is correct, and dismissal was fully justified.

Prior to trial an assistant public defender who represented defendant moved to suppress any testimony concerning a line-up identification of defendant by the victim of the robbery as well as any in-court identification by the same or other witnesses. After a full hearing the court ordered that any testimony relative to the line-up identification be suppressed but indicated that there was no basis in the evidence adduced to that point for a suppression of testimony concerning identification in court. In reaching its conclusion relative to the line-up identification the court held that, since the line-up was conducted in the absence of counsel and without advising defendant of his right to have counsel present, exclusion was mandatory under the decisions of the United States Supreme Court in *United States* v. *Wade,* 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926, and *Gilbert* v. *California,* 388 U.S. 263, 272, 18 L. Ed. 2d 1178, 1186, 87 S. Ct. 1951. In *Gilbert,* the Supreme Court, referring to *Wade,* stated: "We there held that a post-indictment pretrial lineup at which the accused is exhibited to identifying witnesses is a critical stage of the criminal prosecution; that police conduct of such a lineup without notice to and in the absence of his counsel denied the accused his Sixth Amendment right to counsel and calls in question the admissibility at trial of the in-court identifications of the accused by witnesses who attended the lineup." While the conducting of the defendant's viewing by the witnesses

called into question their in-court identifications of the defendant, the record here permits what the Supreme Court in *Gilbert* referred to as an "informed judgment" that the witnesses' identifications were based on observations independent of and uninfluenced by their viewing of the defendant at the police station.

The evidence shows that the offense occurred at about 12:30 P.M. on a clear day as George Patten, the victim of the robbery, was returning to his place of business from lunch. Three unmasked men approached him from the front and while one threatened him with a knife the other two held him and removed his wallet. The men then walked rapidly away and Patten ran in the opposite direction. Terrance McCue saw most of this occurrence from a point in the parkway of the street on which Patten was walking. At the trial he, like Patten, gave a detailed description of the men, including height, weight, clothing *etc.* McCue entered a squad car which came by in a few minutes and Patten got into the same vehicle. Within a short time, after cruising about the neighborhood, Patten and McCue spotted the same three men, of whom defendant was positively identified as one, standing near an ice cream cart. The men ran away. Two police officers came upon the same three men in an alley as their squad car entered it. The three ran in different directions. Defendant Johnson was apprehended after he jumped a fence and landed in a closed yard from which there was no escape. Leroy P. Newall, who was also apprehended at the same time in the same vicinity, was tried with Johnson. The third member of the trio escaped. The entire time which elapsed between the commission of the offense and the apprehension of Newall and Johnson was about 45 minutes according to McCue. Johnson was positively identified at the trial by Patten, McCue and two police officers.

There is nothing in the record which would indicate that

the lineup itself was unfair or unduly suggestive. The defendant did testify that the witness Patten saw and identified him in a room at the police station prior to the lineup. However, Patten denied this and testified that the first time he saw the defendant at the police station the defendant was in the lineup.

We consider that this record permits an informed judgment that the in-court identifications of the defendant had a source independent of his being viewed by the witnesses at the lineup. It is clear there was opportunity for the victim and McCue to observe the defendant at the time of the robbery, during the almost immediate pursuit and at his apprehension. The trial court's admission of the in-court identification of the defendant was not error. *People* v. *Nelson,* 40 Ill.2d 146, 151; *People* v. *Speck,* 41 Ill.2d 177, 193; *People* v. *Moore,* 43 Ill.2d 102, 105.

From what has been said it must appear that there can be no merit in petitioner's contention that he was denied proper assistance of counsel because counsel failed to object to the in-court identifications. Before a conclusion of inadequate representation can be reached defendant must demonstrate the actual incompetence of counsel as reflected by the manner of carrying out his duties as a trial attorney and it must further appear that substantial prejudice results therefrom, without which the outcome would probably have been different. (*People* v. *Harper,* 43 Ill.2d 368, 374.) In this case, in view of the law and the evidence, there could have been no proper basis for an objection to the identification testimony. Petitioner's entire argument appears to be based upon the assumption that the line-up conducted in the absence of counsel was for that reason such a deprivation of his rights as to render the in-court identification inadmissible. As already indicated, that is not the law. It is only where the pretrial confrontation is so fundamentally unfair that defendant has been denied due process of law that ex-

clusion is required. (*People* v. *Cesarz,* 44 Ill.2d 180, 184.) Counsel should not be criticized for failure to make an objection which would have been unavailing.

It is our conclusion that the order dismissing the petition was proper and should be affirmed.

*Judgment affirmed.*