THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* TOMMIE LEE ROGERS, Defendant-Appellant.

(No. 59397;

First District (2nd Division)—March 18, 1975.

124

James J. Doherty, Public Defender, of Chicago (Fred S. Rabishaw and Robert P. Isaacson, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Ferdinand Minelli, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the court:

Defendant Tommie Lee Rogers was indicted for the murder of Thomas Richardson. Following a bench trial, defendant was found guilty and sentenced to a prison term of 25-50 years plus a 5-year parole.

We are asked to determine only whether the evidence adduced at trial was sufficient to support defendant's conviction.

Proper consideration of this issue requires a summary of certain testimony offered at trial.

Three friends of the deceased, Frank Chatman, Willie Rule and Willie Doggin, appearing on behalf of the State, recalled that in the very early morning hours of January 23, 1972 (approximately 1:30 A.M.), they and the deceased attended a party at 4022 South State Street, apartment 108, in the city of Chicago. During the course of the party they left the apartment and stood outside along the wall near the apartment door. Shortly thereafter defendant came from the apartment accompanied by a couple of other men and asked if anyone had a "piece," i.e., a gun. When Frank Chatman replied "no one," defendant pulled out a shotgun which he pointed at Rule, Doggin and finally at the deceased. At this moment Rule and Chatman ran. As Doggin attempted to do the same, defendant grabbed the back of his coat, threw him against a wall, and

said he "wasn't going nowhere." Doggin managed to break loose, however, and ran up a nearby stairway.

Each of the three witnesses testified that, within a few seconds after defendant had pointed the gun at the deceased, they heard a gunshot and returned to the apartment where they found the deceased lying on the ground, wounded. Both Chatman and Rule further stated that they noticed no weapons other than defendant's at the scene.

Defendant denied shooting the deceased and testified that, while he attended a party in apartment 108 on the evening in question, he left at 11 or 11:30 P.M. in the company of his nephew, Melvin Battie. The two proceeded by a city bus to defendant's apartment, a number of blocks distant, where they went to bed and slept until the police came at approximately 5 A.M. Melvin Battie's testimony corroborated defendant's alibi.

## I.

Defendant contends that the State failed to meet its burden of proof since its witnesses were not present during the actual shooting and their opportunity to observe detail was poor. Defendant maintains the prosecution offered the testimony of no one who saw the shooting or who could state that the defendant and not one of the two men accompanying him had shot the deceased.

■■ We recognize at the outset that, in a criminal case, the State must present evidence which proves beyond a reasonable doubt that a crime was committed, and that the accused was the party who committed or participated in the commission of that crime. (*People v. Benson* (1960), 19 Ill.2d 50, 58, 166 N.E.2d 80; *People v. Hister*[1] (1974), 20 Ill.App.3d 933, 937, 314 N.E.2d 562.) Defendant's argument suggests, however, that only the testimony of one who had witnessed the shooting could support his conviction.

■■■ In proving its case, the State is not limited to producing only direct evidence, for it is well-established that a conviction may be based upon circumstantial evidence, "* * * it being necessary only that the proof of circumstances must be of a conclusive nature and tendency leading, on the whole, to a satisfactory conclusion and producing a reasonable and moral certainty that the accused and no one else committed the crime." *People v. Marino* (1970), 44 Ill.2d 562, 580, 256 N.E.2d 770; *People v. Bernette* (1964), 30 Ill.2d 359, 367, 197 N.E.2d 436.

---

[1] The *Hister* case is pending before the Illinois Supreme Court, No. 46911, March Term 1975.

■■ In the instant case the stories related by Frank Chatman, Willie Rule and Willie Doggin all coincided in their essential aspects, *i.e.*, that, as they stood with the deceased outside apartment 108, a man came from the apartment and pointed a weapon at the group; that each member of the group but for the deceased ran away; and that they heard a shot within the next few seconds and returned to the apartment to find the deceased, bleeding, lying on the ground. Each of these young men identified the defendant as the man who came from the apartment. Assuming the credibility of the witnesses, their versions of the incident describe a set of circumstances from which the trier of fact could easily conclude with reasonable certainty that defendant shot the deceased.

Although defendant attempts to favorably compare the facts of the instant case with those presented in *People v. Hister, supra,* and *People v. Newson* (1971), 133 Ill.App.2d 511, 273 N.E.2d 478, the comparison fails. In *Hister* and *Newson* this court reversed the convictions of two codefendants who had been convicted of murder. In so doing the court noted the abundance of contradictions and inconsistencies in the testimony of the State's witnesses and, for that reason, concluded that the prosecution had failed to establish each defendant's guilt beyond a reasonable doubt. In the case at bar, on the other hand, the witnesses' testimony agreed in all its essential elements.

Defendant also questions the sufficiency of the evidence to convict on the ground that the witnesses could not properly observe the man wielding the gun and firing the critical shot. In support of this position defendant points to testimony that the area where the witnesses encountered the man was dark, and that Frank Chatman, one of the State's identifying witnesses, should have been wearing prescription eyeglasses to correct his vision but was not wearing them on the evening in question.

■■ The sufficiency of identification testimony is a question for the trier of fact and its determination will not be reversed unless the testimony is so unsatisfactory as to leave a reasonable doubt as to the guilt of the accused. (*People v. Williams* (1972), 52 Ill.2d 455, 464, 288 N.E. 2d 406.) Here Frank Chatman, Willie Rule and Willie Doggin testified that defendant approached them and pulled out a gun which he aimed at them. Each of the young men was sufficiently terrified so that he ran at the first opportunity. Willie Doggin further stated that as he too tried to flee, defendant grabbed him by the coat, and threw him against a wall directing that he "wasn't going nowhere." Regardless of the fact the area was not well lit, the witnesses' close proximity to the defendant, as well as the intimidating nature of the situation, provided sufficient

basis for the trier of fact to believe the identification testimony of these three witnesses.

■■ The testimony of the State's witnesses and the defense witnesses was conflicting. However, the testimony of the State's witnesses was not materially impeached. The trier of fact was not obliged to believe the defendant's testimony. While a murder conviction based solely on circumstantial evidence must exclude every other reasonable hypothesis, the trier of fact is entitled to disbelieve the testimony of the defendant, since it is the province of the trier of fact to judge the credibility of witnesses, "weigh the testimony and determine matters of fact." (*People v. Benedik* (1974), 56 Ill.2d 306, 310, 307 N.E.2d 382.) We have here four eyewitnesses to the incident. Their testimony was not impeached in any material respect. Three of them positively identified the defendant as the man who held the shotgun on the deceased only seconds before the fatal shot was fired, and each testified that no one else present was seen to have a gun. This evidence established beyond any reasonable doubt that the defendant killed the deceased with a shotgun as charged in the indictment.

It has long been established that where there is sufficient evidence offered by the State, if believed by the trier of fact, to establish guilt beyond a reasonable doubt, a reviewing court will not interfere. (*People v. Hammond* (1970), 45 Ill.2d 269, 278, 259 N.E.2d 44; *People v. Goodpaster* (1966), 35 Ill.2d 478, 480, 221 N.E.2d 251; *People v. Wilbert* (1973), 15 Ill.App.3d 974, 980, 305 N.E.2d 173.) In the case at bar we find nothing in the quality or quantity of the State's evidence to warrant reversal of the trial court's determination.

## II.

Finally, defendant maintains that since Willie Rule and Willie Doggin testified while a bench warrant ordering their appearances as witnesses was held outstanding until after they had completed their testimony, they were coerced to testify in favor of the State. Such coercion, defendant argues, creates greater doubt as to the strength of the State's case.

■■ We have no reason to believe that the trial court's issuance of a bench warrant at the request of the assistant state's attorney is an unusual or objectionable procedure, as it is often the only method by which either party can insure that its witnesses will appear to testify. It should also be noted that this case was tried without a jury, and since the trial court was the issuer of the bench warrants, he was fully cognizant of the influence such might have upon the witnesses' testimony. In short, defendant's contention merely attacks the credibility of the State's

witnesses from a different vantage point and the determination of that issue rested with the trier of fact. We find nothing in this record to suggest the trial judge was influenced in any way as the result of his performing his responsibility in causing the bench warrants to issue.

The judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

STAMOS and LEIGHTON, JJ., concur.