THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALBERT TOWNSEND *et al.*, Defendants-Appellants.

First District (2nd Division)    No. 62501

Opinion filed April 5, 1977.

James Geis and Gordon Berry, both of State Appellate Defender's Office, of Chicago, for appellants.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Larry L. Thompson, and Kenneth T. McCurry, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the court:

Defendants, Albert Townsend and Kenneth Harris, were indicted for the offense of armed robbery. Following a bench trial they were found guilty of robbery (Ill. Rev. Stat. 1973, ch. 38, par. 18—1) and sentenced to

180 days periodic imprisonment and 5 years probation. On appeal defendants contend that (1) they were not proved guilty of robbery beyond a reasonable doubt; and (2) they were denied effective assistance of adequate counsel.

At approximately 2:50 p.m. on February 23, 1974, James Hartley was working on a television set in his Chicago repair shop when five young men entered and asked a series of questions concerning television repairs. One of the men suddenly pulled a gun and ordered Hartley and his friend, Leonard Hellenberg, into a washroom in the rear of the store where the robber took $80 from Hartley. After waiting a few minutes for the man to leave, Hartley proceeded to the front of the store. All five men had fled. Hartley noticed that the telephone had been ripped from the wall and that certain items were missing from his shop: about $179, a stereo set, a portable television set, and a police revolver. At that point Hartley and Hellenberg each went separately to call the police. Officer Campbell arrived about five minutes later. Hartley told Campbell that he had been robbed but did not state what specific items had been stolen. At trial Hartley was unable to identify defendants as two of the five men who had entered his shop on the day in question. He was certain, however, that neither of the defendants was the man who had taken him into the rear of the shop at gunpoint.

Officer Campbell testified that in response to a radio call, he drove in the direction of the shop. Before arriving he saw four men running across a railroad trestle. Campbell then sent a radio message to other police officers in the vicinity to watch for "suspects" at 134th and Vernon Streets. Campbell continued to drive to Hartley's shop, and he testified that when he arrived Hartley told him that five men had taken a gun and a television. After speaking to Hartley, the officer returned to the railroad trestle to look for the youths he had seen earlier. When he was unable to locate them near the trestle, he traveled east on 134th Street where he saw Officer Kinahan in an unmarked police car. As Campbell started to ask Kinahan if he had seen the suspects, Campbell spotted the two young men running across the wooded prairie near the trestle.

Campbell, Kinahan, and other officers drove to the exit area of the prairie to wait for the youths. When the men appeared about 20 or 30 yards away, Campbell ordered them to stop and fired a shot in the air when they failed to obey. The men then dove to the ground and one of them threw a television set into nearby weeds. The two were then searched, handcuffed, and placed in the back seat of a police car. The television was placed in the front seat. Several police cars, both marked and unmarked, proceeded to Hartley's shop. When the group arrived, Officer Kinahan got out of his car and asked Hartley if he could identify

any property. Hartley responded that the television was his. He also identified defendants as two of the men in his shop earlier.

Defendants moved for directed findings of not guilty when the prosecution rested its case. Upon denial of the motion, defendants rested and were thereupon found guilty of robbery and sentenced.

## I.

Defendants maintain that they were not proved guilty of robbery beyond a reasonable doubt. In a criminal case it is incumbent upon the prosecution to prove beyond a reasonable doubt not only the commission of the crime charged but also its perpetration by the accused. (*People v. Gardner* (1966), 35 Ill. 2d 564, 571, 221 N.E.2d 232; *People v. Weinstein* (1966), 35 Ill. 2d 467, 470, 220 N.E.2d 432; *People v. McGee* (1961), 21 Ill. 2d 440, 444, 173 N.E.2d 434; *People v. Rogers* (1st Dist. 1975), 27 Ill. App. 3d 123, 125, 327 N.E.2d 163.) The complaining witness in the instant case failed to identify defendants at the trial, and this failure is urged as a basis for reversal. The other person present at the robbery was not called as a witness by the State. Notwithstanding the absence of positive in-court identification by Hartley, the prosecution contends that the evidence of defendants' guilt was overwhelming in that they were arrested with stolen goods while fleeing in the vicinity of a robbery and were identified by the victim shortly after their apprehension. Defendants question the identification procedure used in court. Although Hartley could not identify defendants in court, he did testify that he had identified two men as the robbers immediately following the crime. Police officers thereafter testified that the men identified were in fact defendants. Defendants now argue that the police testimony was erroneously admitted hearsay. Under the circumstances of this particular case, we disagree.

■■ The fundamental purpose of the hearsay rule is to test the value of testimony by exposing the source of the assertion to cross-examination by the party against whom it is offered. (*People v. Carpenter* (1963), 28 Ill. 2d 116, 121, 190 N.E.2d 738.) If the person who made the out-of-court identification is present, testifies to his prior identification, and is subject to cross-examination, the purpose of the hearsay rule is satisfied. (*People v. Ward* (1st Dist. 1976), 37 Ill. App. 3d 960, 964, 347 N.E.2d 381; *People v. Coleman* (1st Dist. 1974), 17 Ill. App. 3d 421, 428, 308 N.E.2d 364; *People v. Keller* (1st Dist. 1970), 128 Ill. App. 2d 401, 408-409, 263 N.E.2d 127.) In the case at bar Hartley testified to his out-of-court identification and was subject to cross-examination. Furthermore, defendants' reliance on *People v. Harrison* (1962), 25 Ill. 2d 407, 185 N.E.2d 244, is misplaced because in that case the only evidence linking the accused with the crimes charged was the victim's testimony. In the instant case, however,

defendants are more easily and more concretely connected to the robbery.

When arrested, defendants were in possession of a television set stolen from the repair shop only minutes before. The recent, exclusive, and unexplained possession of stolen property in itself gives rise to an inference of guilt which may be sufficient to sustain a conviction in the absence of other facts and circumstances which leave in the mind of the trier of fact a reasonable doubt of guilt. (*People v. Franceschini* (1960), 20 Ill. 2d 126, 130, 169 N.E.2d 244; *People v. Pride* (1959), 16 Ill. 2d 82, 89, 156 N.E.2d 551; *People v. Lindsey* (1st Dist. 1976), 38 Ill. App. 3d 932, 935, 350 N.E.2d 205; *People v. Hanson* (1st Dist. 1968), 97 Ill. App. 2d 338, 341, 240 N.E.2d 226.) As no facts are offered to dilute the inference raised, we are satisfied that defendants were proved guilty of robbery beyond a reasonable doubt.

## II.

Defendants also contend that they were denied effective assistance of adequate counsel in that their attorney failed to make a motion to suppress identification testimony. Their argument is premised on this theory: (1) their identifications resulted from an unduly suggestive showup; (2) if defense counsel had moved to suppress identification, the motion would have been granted; therefore, (3) suppression of identification testimony would have altered the ultimate outcome of the trial. In order to establish lack of competent representation at trial, however, defendants had to demonstrate *actual* incompetence of counsel which resulted in substantial prejudice without which the outcome would probably have been different. (*People v. Goerger* (1972), 52 Ill. 2d 403, 409, 288 N.E.2d 416; *People v. Dudley* (1970), 46 Ill. 2d 305, 308, 263 N.E.2d 1, *cert. denied* (1971), 402 U.S. 910, 28 L. Ed. 2d 651, 91 S. Ct. 1386; *People v. Gonzales* (1968), 40 Ill. 2d 233, 238, 239 N.E.2d 783.) Instead, defendants suggest mere speculation as to the quality of their attorney's defense.

■■■ Prompt "on scene" confrontation and identifications have been approved (*People v. Elam* (1972), 50 Ill. 2d 214, 218-19, 278 N.E.2d 76); and the burden was on defendants to prove that the confrontation as conducted was so unnecessarily suggestive it resulted in a denial of due process (*People v. Johnson* (1970), 45 Ill. 2d 38, 45-46, 257 N.E.2d 3; *People v. McKinley* (2d Dist. 1976), 42 Ill. App. 3d 48, 54, 355 N.E.2d 324). Having reviewed the record and considered all relevant factors in evaluating the likelihood of misidentification in this case (*Neil v. Biggers* (1972), 409 U.S. 188, 199-200, 34 L. Ed. 2d 401, 411, 93 S. Ct. 375), we cannot say that the showup was inherently suggestive. The victim's knowledge that suspects might be returned to the scene for identification

and the transportation of the suspects in a police car did not make Hartley's positive identification at that time unduly suggestive. *People v. Attaway* (1st Dist. 1976), 41 Ill. App. 3d 837, 851, 354 N.E.2d 448.

■■ Since a motion to suppress would have failed, defense counsel can hardly be branded as incompetent for refraining from making the motion. (*People v. Johnson* (1970), 45 Ill. 2d 501, 505-506, 259 N.E.2d 796.) An attorney's decision to refrain from making a motion may be a matter of strategy, not evidence of incompetence (*People v. Meeks* (1st Dist. 1975), 27 Ill. App. 3d 144, 147, 326 N.E.2d 413); and such tactical decisions are proper exercises of professional judgment (*People v. Newell* (1971), 48 Ill. 2d 382, 387, 268 N.E.2d 17). In examining the entire record, we have concluded that defendants were competently and effectively represented. (*People v. Owens* (1976), 65 Ill. 2d 83, 93, 357 N.E.2d 465.) Therefore, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

STAMOS and PERLIN, JJ., concur.