THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GEORGE VARELA, Defendant-Appellant.

First District (1st Division)    No. 80-245

Opinion filed September 14, 1981.

James N. Karahalios, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr, Mark E. Thompson, and Peter J. Vilkelis, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

George Varela and Eloy Ortiz were charged by indictment with armed robbery and three counts of aggravated battery. After a jury trial, both were found guilty of armed robbery and sentenced to seven years in the Illinois Department of Corrections. Defendant Varela appeals.

On appeal, defendant argues that (1) pretrial identification procedures were suggestive and evidence of the identification was therefore admitted improperly; (2) the State failed to lay the proper foundation for the admission of a weapon and analysis results of stains thereon; (3) he was not proved guilty beyond a reasonable doubt; (4) the trial court erred by failing to strike from the presentence report all arrests not resulting in convictions; and (5) his trial counsel was incompetent.

We affirm.

Complainant Earnest Mackey testified that while sleeping in his car on the early morning of February 13, 1978, he was awakened by the sensation of a person's hand in his pocket. Mackey struggled with his assailant and was cut by a knife on his nose, hand and left cheek. When the assailant backed away, Mackey exited from his car and saw the assailant and another man who had been standing nearby. The two men approached a red Chevrolet. Mackey noted the auto's license number on a piece of paper.

Mackey drove his car to a nearby corner. He stopped a squad car, told the policemen he had been robbed of about $150 and described his assailants and the car to which they had walked. The policemen directed Mackey to a hospital and proceeded to the area where the incident occurred. Mackey had been at the hospital for approximately 10 minutes when one of the officers arrived and asked Mackey to accompany him outside. Mackey was taken to the squad car. He identified two men in the back seat as the perpetrators of the crime.

At trial, Mackey identified defendant as the man who attacked him. He testified that at the time of the attack, defendant was approximately 5 feet 7 inches tall and weighed 145 pounds. His hair was black and he wore a black leather jacket and brown pants. The other man, whom Mackey identified as co-defendant Eloy Ortiz, was 19 or 20 years old, stood 5 feet 10 inches tall and weighed approximately 165 pounds. Ortiz wore a gray coat and light pants. Mackey gave similar descriptions to police after the incident.

Officer Julio Lucotti testified that he and his partner were stopped by Mackey on the morning in question. They travelled to the area where Mackey said he had been robbed and observed the auto which Mackey had described. A man whom Lucotti identified as Eloy Ortiz was standing at the rear of the car. Ortiz appeared to be pushing the car out of the snow. Another man, identified by Lucotti as defendant Varela, was seated in the driver's seat. Ortiz was wearing a gray jacket and tan pants. Varela wore a black jacket. When Varela was ordered out of the car, Lucotti saw a knife on the floor. He identified people's exhibit No. 1 as the knife. When Ortiz was searched, the officers recovered $157. The money was inventoried. Later when the police examined Ortiz' jacket, they noticed wet, red stains.

The parties stipulated to the results of tests performed by May Ann Mohon, a serologist employed by the Chicago Police Department. The tests indicated that Mackey had type "O" blood and that the coat was stained with type "O" blood. The knife was stained with human blood in too small an amount to determine the type.

Defendant testified that he had been at a party on the day and at the time in question. Ortiz had asked him to help push a car out of the snow. While doing this, police officers arrived and asked defendant if he had any knowledge of a robbery in the area. Defendant replied in the negative. Defendant further testified that he did not have a knife in the car and did not participate in the robbery.

First, defendant contends that evidence of Mackey's identification of his assailants at the hospital was improperly admitted. He maintains that a single suspect show-up such as that in the case at bar is unnecessarily

suggestive and cites *People v. Manion* (1977), 67 Ill. 2d 564, 367 N.E.2d 1313, as authority for this proposition.

While the court in *Manion* recognized the suggestive nature of show-up procedures, it did not establish a *per se* exclusion of the identification evidence. It held that show-ups are permissible and justified where prompt identification was necessary for police to determine whether to continue their search. In fact, an officer has a duty to ascertain whether the victim can identify suspects in custody as those who committed the offense. *Manion*, citing *People v. Elam* (1972), 50 Ill. 2d 214, 278 N.E.2d 76.

Evidence of show-up identifications is admissible if it is reliable under the totality of circumstances. (*Manson v. Brathwaite* (1977), 432 U.S. 98, 53 L. Ed. 2d 140, 97 S. Ct. 2243; *People v. Manion* (1977), 67 Ill. 2d 564, 367 N.E.2d 1313.) In assessing reliability, the following factors must be considered: the witness' opportunity to view the criminal, the witness' degree of attention, the accuracy of the witness' prior description, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation. *Manion*, 67 Ill. 2d 564, 571, 367 N.E.2d 1313, 1317, citing *Neil v. Biggers* (1972), 409 U.S. 188, 199, 34 L. Ed. 2d 401, 411, 93 S. Ct. 375, 382.

■■ Upon examining the record in this case, we conclude that Mackey's identification at the hospital was reliable. He was able to view his attacker while struggling in the car. The car's dome light was on. He further observed the men as they crossed the street after the incident. The street was well lit. Mackey apparently paid close attention since his descriptions were very accurate. He identified the accused immediately upon confronting them and the confrontation took place within one hour of the armed robbery. Because the identification was reliable, it was properly admitted.

Second, defendant contends that the blood-stained knife and the serologist's analysis of the stains were improperly admitted. He argues that no evidentiary foundation was laid linking the knife and stains to defendant or the crime.

■■ The foundation for the admission of evidence may be established through identification by a witness or through establishment of a chain of possession. (*People v. Hagen* (1978), 63 Ill. App. 3d 944, 380 N.E.2d 954, citing *People v. Pagliara* (1977), 47 Ill. App. 3d 708, 365 N.E.2d 72.) Here, the foundation was laid through the former means. Mackey testified the knife appeared to be the one used during the robbery. Officer Lucotti testified that he recovered the same knife from the car in which Varela was seated. After the robbery Mackey saw defendant approach this same car. In *People v. Jones* (1961), 22 Ill. 2d 592, 177 N.E.2d 112, it was held that similar evidence established the relevancy of a weapon and suffi-

ciently connected the weapon to defendant and the crime so as to permit the admission of the weapon into evidence. For these reasons, we find that the knife was properly admitted in the case at bar.

■■ We further find that the serologist's analysis of the stains on the knife was properly admitted. As noted above, the knife was linked to the defendant and the crime. Mackey had been cut by the knife several times. The analysis of the stains revealed the presence of human blood. Despite the fact that the stains could not be classified according to blood type, we nonetheless find that the test results were relevant and therefore admissible.

Third, defendant argues that he was not proved guilty beyond a reasonable doubt because Mackey's testimony was not credible. As evidence of incredibility, defendant points to the short period of time during which Mackey viewed his assailants, the absence of blood on his own clothing, and the presence of blood on the clothing of co-defendant Ortiz, whom Mackey stated was at the rear of his car during the robbery.

■■ As noted previously in this opinion, Mackey had an adequate opportunity to view his assailants, and his descriptions given to police immediately thereafter were accurate. Furthermore, the absence of blood on Varela's clothing does not raise a reasonable doubt of his guilt on the armed robbery conviction. The jury was instructed on accountability. The evidence presented at trial was sufficient to establish defendant's guilt of armed robbery under this theory. The credibility of witnesses is a matter for the jury's determination. (*People v. Caliendo* (1980), 84 Ill. App. 3d 987, 405 N.E.2d 1133.) In this case, we find no reason to usurp this function.

■■ Fourth, defendant contends that arrests not resulting in convictions should have been stricken from the presentence report. He argues the inclusion of this information had a prejudicial effect and he is therefore entitled to resentencing.

The general rule is that prior arrests cannot be considered in determining the sentence. (*People v. Williamson* (1979), 69 Ill. App. 3d 1037, 388 N.E.2d 240; *People v. Kennedy* (1978), 66 Ill. App. 3d 35, 383 N.E.2d 255.) Here, however, the record clearly discloses that defendant's prior arrests were not considered. During arguments on this matter the trial court stated, "I certainly don't consider a previous arrest a matter in aggravation." Thus, defendant's sentence was not based on incompetent evidence and resentencing is not required. *People v. Kirkwood* (1980), 82 Ill. App. 3d 252, 402 N.E.2d 677.

Defendant also contends that he was denied effective assistance of counsel. He cites the following instances as evidence of incompetency: (1) the failure to file a post-trial motion, (2) failure to object to the identification procedures, (3) failure to object to the introduction of the knife into

evidence, and (4) the stipulation to the analysis of the blood stains on the knife.

■■ Initially, we note that a post-trial motion was filed by defendant's counsel on behalf of both defendant and co-defendant. Thus, counsel was not incompetent in this regard. Furthermore, we have considered on their merits the issues concerning the identification procedures, the admission of the knife, and the analysis of the blood stains thereon and have found them to be without merit. Since motions to suppress or objections on these matters would have failed, counsel cannot be branded as incompetent. *People v. Townsend* (1977), 47 Ill. App. 3d 789, 365 N.E.2d 110, citing *People v. Johnson* (1970), 45 Ill. 2d 501, 259 N.E.2d 796.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

GOLDBERG and O'CONNOR, JJ., concur.