THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* VIDA MAE POPE, Defendant-Appellant.

(No. 74-260; ▮▮▮▮▮

Second District (2nd Division)—September 15, 1975.

Ralph Ruebner and Phyllis J. Perko, both of State Appellate Defender's Office, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (James W. Jerz and Edward N. Morris, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE RECHENMACHER delivered the opinion of the court:

The defendant was convicted of delivery of an amount of less than 30 grams of a substance containing lysergic acid diethylamide (LSD) and sentenced to a term of not less than 1 nor more than 5 years in the penitentiary. She appeals her sentence on the ground that the court, at the sentencing hearing, allowed admission of and considered evidence of alleged criminal acts of the defendant not reduced to conviction.

Deputy Sheriff Michael Smith testified at the trial that he and one Joe Vega, an informer, went to the defendant's home and inquired whether they could buy some LSD and what it would cost; that defendant replied that it was $2 a "hit" and that Smith then said he would take 10 "hits" and Joe Vega said he would take 1. The defendant then gave Smith a package and took a $20 bill in payment. Vega handed her $2 and also received a package. The packages were later identified at the crime laboratory as containing lysergic acid diethylamide.

After her conviction the defendant applied for probation. At a combined aggravation and mitigation and probation sentencing hearing Deputy Smith was allowed to testify that at the time of the sale of the LSD to him and Vega the defendant also offered to sell the witness some amphetamines and that he was supposed to call her later. The defendant denied there was any such conversation. Smith also testified that just after the trial was concluded, while he was in the corridor outside the court room, the defendant came by and called him an obscene name and said she would "get" him. The defendant denied this.

After hearing the evidence presented at the combined hearing the trial court denied the defendant's application for probation and sentenced her to not more than 1 nor more than 5 years in the penitentiary.

The defendant contends in this appeal that she was prejudiced by the admission of the allegedly improper evidence of Deputy Smith, therefore her sentence should be vacated and the cause remanded for a new sentencing hearing.

There is no doubt that the testimony of Deputy Smith was prejudicial to the defendant's application for probation. The question is, however, whether it was improper to admit such evidence at the sentencing hearing.

The defendant cites *People v. Hayes*, 55 Ill.2d 78, *People v. Price*, 7 Ill.App.3d 110, and *People v. Jackson*, 95 Ill.App.2d 193, as indicating

that the defendant's record of arrests or other criminal behavior not reduced to actual conviction is not to be considered at the sentencing hearing in determining the defendant's sentence. While the cases cited do indicate that at a sentencing hearing it is not proper in determining the sentence to consider arrests or conduct of the defendant for which he was not convicted of a crime, we do not consider these cases to be of any significance in the case before us. In the first place there is no reason to suppose that the trial court was influenced by the adverse testimony of the witness, Smith, as to the sentence to be imposed, for the sentence imposed was the minimum one of 1 year for a Class 3 felony. Secondly, the adverse testimony was given in connection with an application for probation, to which proceeding it was entirely relevant as bearing on the possible future conduct and behavior of the defendant. A distinction has been made in several cases as to evidence of past conduct not reduced to conviction, between actual sentencing and consideration of probation. We think this distinction is a logical one. In *People v. Adkins*, 41 Ill.2d 297, the court allowed wide latitude to the State in bringing out evidence of previous conduct of the defendant but this was on an application for probation. In *People v. Hayes*, 55 Ill.2d 78, where the question was solely the sentence of incarceration to be imposed, the court did not accept evidence not amounting to a conviction. The greater latitude allowed where there is an application for probation is recognized in *People v. Moore*, 133 Ill.App.2d 827, and in *People v. Taylor*, 13 Ill.App.3d 974. The trial court assumes a considerable responsibility in granting probation and is entitled to as broad a base of relevant information as is possible in making such decision. In this case it is clear from the tenor of the judge's remarks at the sentencing hearing that he gave more consideration to the probation report, which did not include the information in Smith's testimony, than he did to that testimony. Smith's testimony, while prejudicial, was not decisive and in any event was not improper under the circumstances here.

We therefore find no error in the conduct of the sentencing hearing in this case. The judgment of the trial court is affirmed.

Judgment affirmed.

T. MORAN and DIXON, JJ., concur.