THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DARRELL T. KIRK, Defendant-Appellant.

Third District   No. 77-274

Opinion filed July 19, 1978.

50

Robert Agostinelli and Frank W. Ralph, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (James E. Hinterlong and Joseph A. Mueller, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Following indictment for the offense of attempt rape, defendant, Darrell Kirk, pleaded guilty, requesting probation. The circuit court of Peoria County ordered a presentence report and following a sentencing hearing, sentenced defendant to a term of imprisonment of from 5 to 20 years. Pursuant to Supreme Court Rule 604, defendant filed a motion to withdraw his plea of guilty, citing as ground the excessiveness of the sentence.

On appeal, defendant contends the trial court considered improper evidence in imposing sentence and the sentence as imposed is excessive.

The factual basis for the plea established that on September 10, 1976, the defendant was at the home of 75-year-old Pearl Sampson, watching television with Sampson's grandson. Defendant was acquainted with Sampson. After Sampson's grandson had left, defendant informed Sampson that he was leaving. When Sampson walked defendant to the door, the defendant grabbed her and forced her into the bedroom. After removing the victim's panties and removing his own trousers, the defendant attempted to have intercourse with Sampson. However, defendant reached climax without penetration and allowed Sampson to get up. Defendant insisted that the victim walk several blocks with him in the general direction of his house and told her not to call police. After returning home, Sampson called the police. Lab tests found seminal fluid on Ms. Sampson's panties. After accepting the plea, the court ordered a presentence report.

The report indicated defendant was 22 years old at the time of the offense. At the time of his birth, defendant was inflicted with cerebral palsy which caused brain damage. Defendant is a borderline retardate with an I.Q. of 72 to 76. Besides slurred speech, defendant suffers from epileptic seizures for which he receives a drug. The defendant has no prior criminal convictions.

The portion of the presentence report defendant finds objectionable and to which he objected at the hearing involves evaluation reports from three different psychiatrists. The evaluation reports are part of the presentence report. Apart from opinions as to defendant's psychological and sociological attributes, all three reports mention various alleged sexual incidents involving the defendant in 1972 and 1974. Dr. Lukat's report indicates that defendant was acquitted on one charge of attempting to molest a young girl and another such charge was still pending. Dr. Faizi's report indicated that both of these 1972 cases were discharged. These charges led to defendant's hospitalization at the Zeller Zone Center in Peoria and at Galesburg State Hospital. Both doctors mention a 1974 incident at Zeller for which, Dr. Faizi states, defendant was never tried. The report of Dr. Hunsicker vaguely refers to a rape committed three years previous to the present offense.

The report further states that defendant was successfully involved in a program at the Mental Health Clinic and Rehabilitation Center in Macomb, Illinois through which he was receiving training as well as counselling and medication. The report concluded with a recommendation of probation. At the sentencing hearing, defendant objected to those references contained in the three psychiatrists' reports which reported prior criminal activity by the defendant not resulting in conviction. The trial court overruled defense objections, stating that it could not ignore any evidence in the report. The various witnesses then testified in aggravation and mitigation, but at no time did any of the psychiatrists or the victims of defendant's purported prior criminal activity testify.

Defendant argues that the trial court erred in considering the evidence of other crimes contained in the reports. The State responds by claiming that because defendant made a request for probation, the trial court could consider evidence of prior arrests not resulting in conviction. We reverse and remand.

■■■ While a court in a hearing in aggravation and mitigation is not bound by the ordinary rules of evidence applicable to criminal proceeding and may search anywhere within reasonable bounds for aggravating or mitigating factors, the evidence must nevertheless be competent and material. (*People v. Jackson*, 95 Ill. App. 2d 193, 238 N.E.2d 196.) As a general rule "bare arrests" not resulting in conviction are not admissible at a sentencing hearing. (*People v. Riley*, 376 Ill. 364, 33

N.E.2d 872.) While bare arrests may not be utilized at a hearing in aggravation and mitigation, the State may admit testimony concerning conduct which may be characterized as criminal and which is unrelated to the facts underlying defendant's conviction. (*People v. Barksdale*, 44 Ill. App. 3d 770, 358 N.E.2d 1150; *People v. Hightower*, 38 Ill. App. 3d 177, 347 N.E.2d 351; *People v. Jones*, 36 Ill. App. 3d 491, 342 N.E.2d 40.) In considering objections at a sentencing hearing to testimony which indicated criminal conduct distinct from the offense charged, the court in *People v. Lemke*, 33 Ill. App. 3d 795, 798, 338 N.E.2d 226, 228, stated:

> "This was not bare evidence of arrests which have not resulted in conviction but a full presentation of facts and circumstances where the evidence was introduced formally with due opportunity for confrontation, cross-examination and rebuttal."

(Accord, *People v. Davis*, 38 Ill. App. 3d 649, 348 N.E.2d 533.) The State is entitled to introduce a wide variety of evidence to demonstrate the defendant's moral character, mentality, habits, social environment, abnormal or subnormal tendencies, age, natural inclination or aversion to commit crime, and the stimuli which motiviates his conduct (*People v. Mann*, 27 Ill. 2d 135, 188 N.E.2d 665, and *People v. Schleyhahn*, 4 Ill. App. 3d 591, 281 N.E.2d 409) and may use evidence indicating other criminal activity so long as that evidence is accurate and reliable.

In *People v. Crews*, 38 Ill. 2d 331, 231 N.E.2d 451, the defendant was convicted of murdering a two-year-old girl. The young girl was residing with defendant for approximately one year prior to her death. A hearing in aggravation and mitigation was commenced, but then continued until a later date. In the meantime, the trial judge examined the records of the juvenile division and found a caseworker's report involving Jeffery, the 4½-year-old adopted son of the defendant. Jeffery was living with the defendant at the time of the murder. The report related what the woman with whom Jeffery had been temporarily placed told the caseworker of Jeffery's conduct in her home during a three-day period subsequent to the young girl's murder. Jeffery's statements, as contained in the report, portrayed defendant's cruel mistreatment of the victim on other prior occasions. The report was read into the record. Neither the caseworker, the temporary foster mother nor Jeffery were called to testify at the hearing. The court determined that "in orderly procedure they should have been called and counsel for the defendant given the opportunity for cross-examination. Particularly, Jeffery should have been available for examination by counsel, as well as by the court and State's Attorney." (38 Ill. 2d 331, 338-39, 231 N.E.2d 451, 455.) While the judge in determining punishment should consider available and pertinent information concerning the person and the crime, "before relying on such information

the judge must determine its accuracy [citation] and he must take care to shield his mind from what might be the prejudicial effect of unreliable and other improper evidence." (38 Ill. 2d 331, 337, 231 N.E.2d 451, 454.) The supreme court recognized that the trial court may search for facts within reasonable bounds, but concluded those bounds had been exceeded.

In the final analysis, *Crews* permits evidence concerning unrelated criminal conduct to be admitted at a hearing in aggravation and mitigation, but only after its reliability and accuracy have been proven by the rigors of cross-examination.

The State claims that because defendant requested probation, a different rule applies. Relying on *People v. Kelly*, 36 Ill. App. 3d 476, 344 N.E.2d 50, and *People v. Pope*, 31 Ill. App. 3d 990, 334 N.E.2d 366, the State contends that when considering a request for probation, a court may consider all matters of record, including incidents which involve prior arrests not resulting in conviction. The difficulty with the State's position is that while the opinions in *Kelly* and *Pope* give lip service to the above rule, the facts in each follow the course approved in *Crews*. In each case, testimony was presented from individuals with personal knowledge of other criminal conduct engaged in by defendant and this testimony was subjected to cross-examination.

In *Kelly*, the defendant pleaded guilty to a charge of robbery in exchange for the State agreeing to nolle prosse several other charges. One of these charges was aggravated battery resulting from a shooting incident in a tavern and another was aggravated assault stemming from the defendant's resistance of police officers following his arrest. At the sentencing hearing the arresting officer testified that defendant had assaulted him after he arrested defendant on the robbery charge to which defendant eventually pleaded guilty. A second witness testified that while he was in a tavern defendant shot him. The court held that this testimony was proper.

In *Pope* defendant was convicted of delivery of an amount of less than 30 grams of a substance containing lysergic acid diethylamide (LSD). The court conducted a combined hearing on defendant's request for probation and in aggravation and mitigation of sentence. The officer who testified at trial concerning the delivery upon which defendant's conviction was based, also testified at the combined hearing. The officer stated that at the time of the sale of LSD the defendant had offered to sell him amphetamines. The officer also testified that just after the trial concluded, he was in a corridor outside the courtroom when the defendant came by and called him an obscene name and said she would get him. The defendant denied all the foregoing. On appeal, the court found the introduction of the evidence proper.

Neither *Kelly* nor *Pope* involve situations comparable to the one presented here. Since in those cases the source of the information of defendant's criminal conduct was the testimony of a witness with personal knowledge of defendant's actions, the reliability, accuracy, and extent of the evidence could be ascertained by the court. Reliance on the special circumstances of a request for probation was unnecessary since the testimony, as shown previously, would have been also admissible at a hearing in aggravation and mitigation. In the present case however, it was impossible to ascertain the reliability and accuracy of the three psychiatrists' recitals of prior improper sexual conduct, since neither they nor the individuals reporting the conduct to police testified at the hearing. The prejudicial effect of the references in the reports was heightened by the vagueness with which defendant's prior involvement with the law was reported.

A comparable report containing vague allegations was found improper in *People v. Bowlin,* 133 Ill. App. 2d 837, 272 N.E.2d 282. In *Bowlin* the presentence report of a probation officer related that defendant associated with criminal type characters, was known to be a fence for stolen property, and had been mixed up in thefts, burglaries and forgeries, but had never been convicted. The report also stated that defendant was "obviously a habitual criminal." The appellate court held that it was error for the trial court to consider such evidence.

■■ Whether the hearing involves a request for probation or is solely in aggravation and mitigation of the sentence to be imposed, the State may introduce evidence of defendant's prior criminal conduct not resulting in conviction, but only if the reliability and the accuracy of that evidence can be established.

■■ From the remarks of the trial court, it is clear the trial court did in fact consider the objectionable references in the psychiatrists reports and we believe the trial court erred in doing so. (*Cf. People v. Skidmore,* 56 Ill. App. 3d 862, 372 N.E.2d 723.) Since the State may be able to produce competent evidence to support the allegations of prior misconduct by the defendant, the cause must be remanded for a new hearing.

Since we do not reach the issue of excessive sentence, we offer no opinion on the propriety of the sentence imposed.

Accordingly, the judgment of conviction of the circuit court of Peoria County is affirmed, the sentence imposed vacated and the cause remanded for further proceedings consistent with the views expressed herein.

Judgment affirmed, sentence vacated and remanded.

ALLOY and STENGEL, JJ., concur.