THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ANDRE KENNEDY, Defendant-Appellant.

Fourth District   No. 14880

Opinion filed December 6, 1978.

Richard J. Wilson and Bruce Stratton, both of State Appellate Defender's Office, of Springfield, for appellant.

William J. Scott, Attorney General, of Springfield (Donald B. Mackay and James A. Devine, Assistant Attorneys General, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

We are concerned here with the propriety of a trial judge at sentencing considering mere charges against or arrests of the defendant for other offenses for which he has never been convicted nor proved to have committed.

After trial by jury in the circuit court of Macon County, defendant Andre Kennedy was convicted of the offense of unlawful delivery or possession with intent to deliver a controlled substance (Ill. Rev. Stat. 1973, ch. 56½, par. 1401(c)) and on January 31, 1978, sentenced to a single sentence of 2 to 10 years' imprisonment. Upon appeal his sole contention is that the trial court erred in considering at sentencing mere charges against him and arrests made for other unproved alleged offenses.

The instant offense occurred on December 5, 1973. The defendant was not indicted until 11 months later. Upon defendant's motion, the indictment was dismissed on the theory that delay had violated the defendant's right to a speedy trial. On appeal, we reversed and remanded ruling that the evidence was insufficient to show a denial of that right. As a result of the time consumed by these procedures, defendant was not tried and sentenced until more than 4 years after the offense. Defendant's

conduct during this 4 year period was a key point of dispute during the sentencing hearing.

At the sentencing hearing, the court considered a report of presentence investigation which had been previously filed. It showed that defendant was then 22 years of age and that (a) in 1969 when he was 13 or 14 he had been placed on supervision for criminal damage to property, and (b) in 1971 when he was 15 or 16 he had been placed on juvenile probation for burglary and curfew violation. Attached to the report was a police "rap sheet" listing some 14 times that defendant had been arrested or charged with an offense since July 25, 1973, most of which involved minor misdemeanors. The only convictions listed were for (a) 7 traffic offenses, the most serious of which was for his driving while his license was revoked and (b) two liquor possession violations. The "rap sheet" had notations after most of the other items indicating that charges had not been filed or had been dismissed.

The other evidence at sentencing consisted of the testimony of the defendant and his girl friend who had borne him a child out of wedlock several years earlier. His attorney questioned him as to the "rap sheet." He stated that he had been charged with armed robbery in 1975 but that the charge was dismissed "because they found that [I] was not guilty." He also said that he had not been convicted of any other offenses than those listed. He told of his sporadic employment and said that while employed, he supported his child. He explained that he and his girl friend had not married because of the uncertainty of his status during the past 4 years. The girl friend's testimony did not bear upon the issues involved on appeal.

During the evidence, a dispute arose as to whether defendant had been diligent in reporting to the court's probation officer so that preparation of the presentence report could be initiated. The evidence was inconclusive as to the extent of the defendant's fault but it was apparent that he was unconcerned with the importance of promptness. In closing argument, defense counsel noted that the court might be concerned about the defendant's attitude but argued that the lengthy nature of the proceedings might be responsible. That counsel requested that the defendant be given probation or a short sentence, stressing that defendant had not committed a major crime since 1973. Defendant was then given an opportunity to speak which he used to argue that he was innocent.

Before imposing sentence, the trial judge stated that the jury had heard the evidence and found the defendant guilty and indicated that he felt that the defendant showed a lack of responsibility. The following colloquy then occurred:

> "THE COURT: "On the question of what you have been charged with but haven't been convicted of, the court isn't

required to act as if he doesn't know of the great volume of people who commit offenses without getting caught and getting caught and having enough legal evidence to prosecute are another factor. This is what you are emphasizing as your case. You haven't learned your lesson.

DEFENDANT: I haven't learned my lesson?

THE COURT: You have got a long ways to go. The world doesn't owe you a living."

■■ Prior to January 1, 1973, the effective date of the Unified Code of Corrections (Ill. Rev. Stat. 1972 Supp., ch. 38, pars. 1001—1—1 to 1008—5—1), probation was not a sentence (Ill. Rev. Stat. 1971, ch. 38, arts. 117 and 118). Usually separate hearings were held on a request for probation and sentencing with a probation hearing being held only upon the request of a defendant. It is not disputed that at that time, under the case law, evidence as to the mere existence of charges against or arrests of the defendant for other offenses could be considered at a hearing on a motion for probation (*People v. Moore* (1971), 133 Ill. App. 2d 827, 272 N.E.2d 270), but not at a sentencing hearing. *People v. Riley* (1941), 376 Ill. 364, 33 N.E.2d 872; *People v. Jackson* (1968), 95 Ill. App. 2d 193, 238 N.E.2d 196.

The Unified Code made probation a sentence (Ill. Rev. Stat. 1972 Supp., ch. 38, par. 1005—5—3) and provided for a single sentencing hearing at which all permissible sentences including probation and imprisonment might be considered (Ill. Rev. Stat. 1972 Supp., ch. 38, par. 1005—4—1). Although the supreme court has never spoken on the issues, appellate courts of various districts including this court have continued to rule that consideration of mere arrests or charges is permissible if limited solely to the question of whether the defendant be admitted to probation. *People v. Taylor* (1973), 13 Ill. App. 3d 974, 301 N.E.2d 319; *People v. Grau* (1975), 29 Ill. App. 3d 327, 330 N.E.2d 530; *People v. Kelly* (1976), 36 Ill. App. 3d 476, 344 N.E.2d 50; *People v. Profit* (1976), 37 Ill. App. 3d 918, 347 N.E.2d 67.

We conclude that this record demonstrates the unfairness and unworkability of the continuation of this rule permitting the limited use of this information.

In *Kelly,* the court explained the policy of permitting consideration of charges and arrests on the question of probation on the theory that the court has a special responsibility to the public in admitting a defendant to probation. The court has an equal duty to the public to see that the public is protected from the imposition of sentences too short in duration to dangerous criminals. However, both duties must be balanced against the right of the defendant that information too conjectural to have reasonable probative value not be used against him.

It is not contended that arrests and charges can fairly be considered

in deciding upon the length of incarceration. As we have stated, probation is now one of several sentences that may be imposed. It is not a matter of grace, but under present legislation, it, or conditional discharge, is the required sentence in many instances unless the court determines the existence of certain conditions. (Ill. Rev. Stat. 1977 Supp., ch. 38, par. 1005—6—1.) Some sentences to probation can be conditioned upon incarceration of not to exceed 3 months or a longer term of periodic imprisonment (Ill. Rev. Stat. 1977 Supp., ch. 38, pars. 1005—6—3(b)(1) and (d)), and thus can be more severe than some sentences of imprisonment. Information bearing upon whether a person be placed on probation and upon the terms of that probation should be no more conjectural than that bearing upon other sentencing decisions.

■■ Here, the trial judge was quite straightforward in stating the use made of the information of the defendant's unproved charges and arrests. The defense had strongly argued that despite the defendant's nine minor convictions in the past four years, he should be given favorable consideration for not committing more serious offenses. The judge indicated that he was considering the arrests and charges as bearing on the likelihood that the defendant may well have committed offenses for which the State had not been able to assemble sufficient evidence to convict. Although a court does not have to assume that a person who has been found to have committed crimes in the past has reformed merely because no further serious crimes have been committed for several years, it is unfair to the defendant that mere charges or arrests be given substantial weight in determining whether further offenses have in fact been committed and this is true regardless of whether the grant of probation or other sentencing questions are at issue.

This record also demonstrates the many practical problems that arise from the rule permitting the limited use of charges and arrests. We would assume that if this material can be considered with reference to probation, it can also be used with reference to grants of conditional discharge. What about periodic imprisonment? Although trial judges as well as juries are often required to consider evidence for a limited purpose, the trial judge here would have been required to perform very intricate mental acrobatics in order to decide that probation should have been denied partly because the defendant was likely to have committed further serious crimes but at the same time to disregard the likelihood in fixing the length of the imprisonment.

■■ In the instant case we would be required to exhibit even greater cognitive gymnastic ability to determine that only the heretofore permissible limited use of the information had occurred. Sometimes this is accomplished by imposing a presumption that the court acted properly. (*Kelly.*) Here, the statement of the trial judge made in the context of a hearing where all aspects of sentencing were at issue strongly indicates

that the matters were considered generally and that no presumption can be invoked.

We overrule *Taylor, Profit* and any other decision of this court holding that at a sentencing hearing information that a defendant has merely been arrested for or charged with other offenses may be considered for the limited purpose of determining whether a defendant be granted probation. We rule that in this district, after the date of this opinion, none of this type of information be considered at sentencing unless special relevance is shown. We recognize that such information is likely to be presented to the sentencing judge in presentence reports or come to his attention in other ways. Error does not necessarily occur thereby but the judge should not consider this information with reference to the likelihood that the defendant has in fact committed the conduct charged. A good practice would be for the judge to recite into the record that he is not considering the information with reference to the type or severity of sentence imposed.

■■ Argument is made that the defendant waived the issue of improper consideration of the prior charges and arrests by defense counsel's questioning the defendant concerning the rap sheet and by failing to raise the issue in a post sentencing petition or motion. Actually, the issue was first raised by the inclusion of the rap sheet in the presentence report. A trial court's power to vacate a sentence exists for a period of time beyond the imposition of the sentence. (*People v. Heil* (1978), 71 Ill. 2d 458, 376 N.E.2d 1002.) Supreme Court Rule 604(a) (58 Ill. 2d R. 604(a)) provides for a post-sentence motion or petition to set aside convictions imposed upon pleas of guilty but no statute or rule expressly provides for a similar procedure to set aside sentences imposed, as here, after contested trials. No case has been called to our attention ruling that an error occurring in the pronouncement of a sentence is waived by the failure to file such a motion or petition. If such were required a practice would likely develop of defense counsel routinely filing such a document and an additional hearing would then be required in most criminal cases. We find no waiver to have occurred here.

We reverse the sentence and remand for a new sentencing hearing. In order that there be no question that the defendant was prejudiced by things that may have happened at the sentencing hearing conducted under the old rule, we direct that the new sentencing be before a different judge.

Reversed and remanded.

CRAVEN and TRAPP, JJ., concur.