THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
HENRY WILLIAMSON, Defendant-Appellant.

Third District   No. 77-355

Opinion filed April 5, 1979.

Robert Agostinelli and Michael Filipovic, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (James E. Hinterlong and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This appeal is from the judgment of the circuit court of Peoria County sentencing defendant, Henry Williamson, to a term of not less

than 1 year nor more than 3 years to the Illinois Department of Corrections on a charge of burglary.

Defendant was charged by indictment with knowingly, without authority entering a motor vehicle with intent to commit therein a theft. Defendant entered a nonnegotiated plea and after a sentencing hearing the court rejected his request for probation and sentenced him to 1 to 3 years to the Department of Corrections.

Pursuant to Supreme Court Rule 604 (Ill. Rev. Stat. 1975, ch. 110A, par. 604) defendant filed a motion to vacate his guilty plea on the ground of excessiveness of sentence. He contends the trial court erred by relying upon a prior inconsistent, out-of-court unsworn statement made by defendant's accomplice during a custodial interrogation of the accomplice by police on the night of her arrest. The State on the other hand contends the trial court properly considered a reliable corroborated hearsay statement together with other relevant factors.

The factual basis for defendant's plea was determined to be that on December 27, 1976, defendant and Mary Ward drove into a parking lot in the county of Peoria. Parked in that lot under the observation of the Peoria Police Department was an unmarked decoy vehicle. In the vehicle was a CB radio with an antenna attached to the outside. Defendant entered the car and removed the CB radio and then returned to his car and left the parking lot. His car was stopped by a Peoria police officer and defendant and Mary Ward were both apprehended. After accepting the plea, the court ordered the presentence report.

At the sentencing hearing the trial judge took into account evidence relating to other criminal events. At the time the appeal bond was set the judge indicated he was not sure what evidence could be considered at the sentencing hearing.

Our treatment of the evidence presented at the sentencing hearing consists of what was actually said in the presentence report, information relating to the incident at Howard Johnson's, and the alleged statements of Mary Ward.

The presentence report indicated defendant was 27 years old and at the time of the offense had a prior conviction for eluding the police. This prior conviction however, arose from the same occurrence as the instant burglary charge. The report included the report of one of the arresting officers who stated he and another officer had interviewed Mary Ward and she had stated she had been with defendant when he had committed over 20 other burglaries of vehicles. The presentence report's final recommendation was that defendant was a poor candidate for probation.

The evidence relating to the offense at Howard Johnson's concerned an incident at that parking lot on November 5, 1976. A witness testified on behalf of the State that at about 3 p.m. on November 5, 1976, he parked

his car in the lot and when he returned about 5:30 p.m. he discovered the right-hand rear window had been pried open and a CB radio and tape player were missing. Both were returned to him at the police station. The police officer testified that on the same day he entered the parking lot and observed a man holding a screwdriver who was apparently tampering with the driver's side vent window of a pickup truck. The man began to run and the officer chased him and caught him. The officer also observed defendant getting out of the driver's side of a car parked directly next to the pickup truck. An inspection of the car from which defendant exited showed that on the front passenger floor-board was a CB radio and tape player which were later identified by the witness as the items removed from his car. The officer also observed a long, hooked wire similar to a coat hanger which can be used to open the door of a locked vehicle. Another officer testified he examined the pickup truck at the parking lot on that day and observed pry marks on the edge of the metal near the vent window and a screwdriver lying on the ground between the pickup truck and the car parked next to the driver's side door of the truck. He seized the tape player and radio from the car parked next to the pickup truck. Although a police officer examined and dusted the car, the pickup truck, tape player and CB radio for fingerprints, defendant's fingerprints were not found on any of these objects. We note defendant was never charged with either the attempted burglary of the pickup truck or with any offense connected with the radio and tape player found in the car in which he was present in the Howard Johnson's parking lot.

At the sentencing hearing Mary Ward was called as a State witness and testified she had known defendant for about nine months and she was with him when he committed the offense for which he was being sentenced. However, she testified she did not know whether defendant was involved in any other burglaries except for the one incident at the Howard Johnson's parking lot. She testified she did not recall telling the Peoria police she had been with the defendant when he committed other burglaries from vehicles. She was twice interrogated by Peoria police officers and made some allegations regarding threats made to her by the police. At the sentencing hearing the State requested she be declared a hostile witness and they be allowed to impeach her by calling one of the officers who had interrogated her. The State's request was granted over defendant's objection. The officer then stated on examination by the State that on December 27, 1976, he and another officer interviewed Mary Ward at the Peoria police station and she told them defendant had committed over 20 vehicle burglaries at three locations. He alleged she stated she was with defendant on several of those occasions, but could not recall whether Mary Ward gave him the details of any of those burglaries.

The defendant then testified on his own behalf and asserted the only

burglary he committed was the one to which he pleaded guilty. He testified he never stole anything from any other vehicle and the CB radio and tape player found in his car had been apparently placed there by another man who had been apprehended by the police officer for tampering with the pickup truck.

The record is clear the court placed great weight upon the statements Mary Ward allegedly made on the night of her arrest. The court stated it was denying probation because of what happened at Howard Johnson's and because of Mary Ward's alleged out of court statements.

The law is clear that ordinary rules of evidence need not be followed during a sentencing hearing. (*People v. Adkins* (1968), 41 Ill. 2d 297, 242 N.E.2d 258.) Although a court in an aggravation and mitigation hearing is not bound by the ordinary rules of evidence applicable to criminal proceedings and may search anywhere within reasonable bounds for aggravating or mitigating factors, the evidence must be competent and material. *People v. Jackson* (1968), 95 Ill. App. 2d 193, 238 N.E.2d 196, and *People v. Kirk* (1978), 62 Ill. App. 3d 49, 378 N.E.2d 795.

As indicated earlier, Mary Ward was called by the State and during the course of her testimony she denied making any statement concerning defendant's commission of other crimes. Having had this witness declared hostile, the State proceeded to introduce evidence of her alleged prior statements avowedly for the purpose of impeaching her. Not only did the trial court consider this purportedly impeaching evidence as substantive evidence of the facts contained in the prior statement, but it also considered as relevant to the sentence to be imposed such facts which constituted bare allegations of criminal offenses without charges or supporting convictions. Thus we not only have impeaching evidence considered for purposes other than affecting the credibility of a witness, but we also have bare charges considered as conclusive evidence of prior criminal conduct.

██ As noted in *People v. Kirk* (1978), 62 Ill. App. 3d 49, 378 N.E.2d 795, as a general rule bare arrests not resulting in convictions are not admissible at a sentencing hearing. However, the State may admit testimony concerning conduct which may be characterized as criminal and which is unrelated to the facts underlying defendant's conviction. Evidence of propensity to commit criminal offenses as shown by prior convictions is appropriate and relevant evidence in determining the sentence to be imposed. However, it is inappropriate to show such propensity by charge or allegations in the absence of a resulting conviction. To hold otherwise would mean a person would be treated as having been convicted of an offense and sentenced therefore without regard to the rights of due process accorded to those charged with criminal offenses. If evidence is appropriate and relevant for some

purpose other than to show a propensity for criminal offenses, such evidence can be considered as relevant to the sentence even though it might be said to indicate a criminal offense. As applied to the instant case where defendant has denied any other criminal conduct, it would appear the sentencing hearing is a particularly inappropriate forum in which to determine guilt or innocence.

■ Under the guise of impeachment the State attempted to use the statements of the police officer regarding the alleged statements of Mary Ward, an accomplice of defendant, to substantively prove prior criminal conduct. The courts take special notice of the testimony of an accomplice. One of the reasons for prohibiting prior inconsistent statements of an accomplice called as a witness by the State and thereafter made a court's witness is that it would allow a person to make a false statement out of court with perfect safety, not subject to the penalties for perjury. In the instant case this would mean Mary Ward could make any false statement while in custody of the police and then deny it under oath. By testifying under oath in direct contravention of the out-of-court statement, the statement could be considered for substantive purposes without anyone having assumed any responsibility or liability for perjury. See *People v. McKee* (1968), 39 Ill. 2d 265, 235 N.E.2d 625, and *People v. Grigsby* (1934), 357 Ill. 141, 191 N.E. 264.

■ Moreover, in a recent appellate court decision, *People v. Kennedy* (1978), 66 Ill. App. 3d 35, 383 N.E.2d 255, the court held it was specifically overruling two prior cases and any other cases in that district which held that at a sentencing hearing information defendant had merely been arrested for or charged with other offenses may be considered for the limited purpose of determining whether defendant be granted probation. We concur with that court in holding there exists no sound basis for allowing such use of this type of evidence. According to the Uniform Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1005—1—18), probation is now a sentence. To distinguish probation from other sentences would require a trial judge to perform extremely intricate mental acrobatics by considering such evidence of other arrests and charges regarding whether probation should be denied, but not considering the same charges and arrests with regard to the length of the imprisonment. In the instant case, the trial judge specifically stated he was giving considerable weight to the alleged statements of the defendant's accomplice regarding other offenses committed by defendant and we believe this consideration was improper.

Accordingly, the trial court committed reversible error in considering the evidence of other offenses. However, since the trial court is in a better position to determine a sentence (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882), we remand this case for resentencing.

For the foregoing reasons the judgment of conviction of the circuit court of Peoria County is affirmed but the cause is remanded to said court for reconsideration of the sentence in accordance with the views expressed herein.

Affirmed in part and reversed and remanded in part.

STENGEL and SCOTT, JJ., concur.